190

Ross J. CAPRA, JR., et al., Respondents-Appellants, *v.* LUMBER-
MENS MUTUAL CASUALTY Co., Appellant-Respondent, and
PUBLIC SERVICE MUTUAL INSURANCE Co., Respondent.

Third Department, July 13, 1971.

*J. Raymond Quinn* for respondents-appellants.

*Friedman, Ladd & Maksail* (*Harold A. Friedman* of counsel), for appellant-respondent.

*Katz & Gantman* (*Donohue, Bohl, Clayton & Komar,* by *Myron Komar,* of counsel), for respondent.

SWEENEY, J. These are appeals by the defendant Lumbermens Mutual Casualty Company from (1) a judgment entered August 12, 1970 in Schenectady County granting summary judgment in favor of plaintiffs; (2) an order, entered July 20, 1970 in said county, denying a motion for summary judgment dismissing the complaint and granting the cross motion of plaintiff for summary judgment against defendant Lumbermens Mutual Casualty Company; and appeals by plaintiffs from (1) so much of the judgment entered August 12, 1970 as relieves defendant Public Service Mutual Insurance Company from liability; and (2) so much of the order entered July 20, 1970 as relieves defendant Public Service Mutual Insurance Company from liability.

On April 15, 1965 defendant Lumbermens Mutual Casualty Company (hereafter referred to as Lumbermens) issued to one Price a New York Assigned Risk Policy covering his automobile. The policy by its terms expired on April 15, 1966. The vehicle was involved in an accident on December 3, 1966 with an autobile owned by plaintiff Ross J. Capra, Sr. and operated by plaintiff Ross J. Capra, Jr. Thereafter an action for property damage and personal injuries was commenced against Price by plaintiffs. Lumbermens disclaimed coverage on the ground that its policy had been properly terminated. Plaintiffs then made claim against defendant Public Service Mutual Insurance Company (hereafter referred to as Public Service) under the uninsured motorist indorsement clause of their policy. Public Service denied liability on the ground that Lumbermens' policy was still in full force and effect. This action for declaratory judgment was then commenced. Special Term granted summary judgment to Public Service relieving it from any liability and also granted summary judgment to plaintiffs against Lumbermens.

Lumbermens contends that it complied with the terms of the Assigned Risk Plan and properly notified Price of the termination of his policy. It further contends that the controlling statute is section 313 of the Vehicle and Traffic Law and that section 347 of said law is inapplicable. Public Service, on the other hand, contends that section 347 controls, but, in any event, Lumbermens did not comply with the provisions of the Assigned Risk Plan and consequently, Lumbermens' policy was in effect at the time of the accident. Special Term concluded, in effect, that section 347 of the Vehicle and Traffic Law controls and Lumber-

mens failed to comply with its terms. The court, in its decision, assumed Lumbermens had complied with the provisions of the Assigned Risk Plan.

We will first consider the issue of whether there was compliance by Lumbermens with the provisions of the Assigned Risk Plan. The moving papers contain an affidavit of the attorney for Lumbermens. He sets forth that on February 24, 1966, a notice was sent to Price advising him that in order to obtain a renewal policy a certain premium had to be paid by March 31, 1966. A copy of the notice is attached to the affidavit. He further states that on April 1, 1966, a so-called "notice of nonrenewal" was mailed to Price. A copy of that notice with the certificate of mailing by the Post Office Department is attached to the affidavit, showing clearly that it was a notice of termination. Also attached to the moving papers is a motor vehicle report filed by Price stating that the term of the policy in question was from April 15, 1965 to April 15, 1966. This report was filed in December, 1966, presumably after the accident. The attorney sets forth in his affidavit that his information was obtained from documents, reports and other information provided by Lumbermens. There is no reason why an attorney's affidavit cannot be used to convey material portions of documents even though the attorney lacks personal knowledge of the underlying facts. (4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3212.05.) While Special Term did not specifically find that the provisions of the Assigned Risk Plan had been complied with, we conclude on the proof submitted that it fully appears from the documentary evidence that the notice of nonrenewal and termination was mailed to Price.

Next, to resolve the question of whether Lumbermens' policy was properly terminated requires an analysis of sections 313 and 347 and their respective history. Pursuant to section 313 notice of termination is to be filed with the Commissioner of Motor Vehicles within 30 days *after* the effective date of cancellation. Section 347, on the contrary, provides that termination does not occur until 10 days *after* notice is filed with the Commissioner of Motor Vehicles. Section 347 pertains only to certain policies issued in compliance with the Safety Responsibility Act which, since February 1, 1957, only applies to certain nonresident uninsured motorists (Vehicle and Traffic Law, § 346; Report of Joint Legislative Committee to Study the Problem of Unsatisfied Judgment Fund and Compulsory Insurance [1956 N. Y. Legis. Annual, pp. 301–302]). Section 313, on the other hand, is part of the Financial Security Act, the purpose of which was to prohibit any person from operating a vehicle on the high-

way without first obtaining liability coverage. In other words, it was enacted to provide broader protection to the traveling public against financially irresponsible drivers. To assure even more complete protection to the public, article 17-A of the Insurance Law (the MVAIC Law) was enacted to take care of instances not already provided for under the Financial Security Act. (*McCarthy* v. *MVAIC*, 16 A D 2d 35, affd. 12 N Y 2d 922; Insurance Law, § 600, subd. [2].) We conclude that section 313 controls in the instant case and that section 347 has no application (contra, *Government Employees Ins. Co.* v. *Mizell*, 36 A D 2d 452). The subsequent failure to file a notice of termination with the Commissioner of Motor Vehicles, pursuant to section 313 of the Vehicle and Traffic Law, did not affect cancellation. (*Kyer* v. *General Cas. Co. of Amer.*, 14 A D 2d 649; *Orsini* v. *Nationwide Mut. Ins. Co.*, 35 A D 2d 238; *Perez* v. *Hartford Acc. & Ind. Co.*, 31 A D 2d 895, affd. 26 N Y 2d 625.) Therefore, this policy was properly terminated, and was not in force and effect at the time of the December, 1966 accident.

The judgment and order should be reversed, on the law, and summary judgment granted to plaintiffs against Public Service Mutual Insurance Company; summary judgment granted to Lumbermens Mutual Casualty Company, and the complaint dismissed as against it.

REYNOLDS, J. P., GREENBLOTT, COOKE and SIMONS, JJ., concur.

Judgment and order reversed, on the law, and summary judgment granted to plaintiffs against Public Service Mutual Insurance Company; summary judgment granted to Lumbermens Mutual Casualty Company and complaint dismissed as against it, with costs to appellant filing brief.