Memorandum. The order of the Appellate Division should be reversed, without costs, the motion and cross motion for summary judgment denied and the case remitted to Supreme Court, Schenectady County, for trial. Although there is no question but that the termination of automobile insurance is unaffected by an insurer’s failure to file a notice of termination with the Commissioner of Motor Vehicles, as required by section 313 of the Vehicle and Traffic Law (see, e.g., Perez v. Hartford Acc. & Ind. Co., 26 N Y 2d 625, affg. 31 A D 2d 895), the Assigned Risk Policy issued by Lumbermens Mutual Casualty Co. would have continued in full force and effect if the insurer failed to comply with the relevant provisions of the Assigned Risk Plan. Thus, notwithstanding the fact that the policy in question bore the expiration date, April 15, 1966, and the accident took place on December 3, 1966, if the insurer is unable to demonstrate that it properly notified the insured of the action taken on the policy, it would remain liable and obligated to defend. Inasmuch as the record discloses a sharply controverted material issue of fact as to whether a 45-day notice, required by subdivision 2 of section 14 of the plan, was sent to the insured, and neither Lumbermens nor plaintiffs-appellants has made a proper evidentiary showing ip. support of the motion and cross motion (sqe Indig v. *763 Finkelstein, 23 N Y 2d 728, Di Sabato v. Soffes, 9 A D 2d 297, 301), summary judgment in favor of either side is unwarranted (CPLR 3212, suhd. [b]; Sillman v. Twentieth Century-Fox, 3 N Y 2d 395, 404; Di Merma, & Sons v. City of New York, 301 N. Y. 118).
Chief Judge Fuld and Judges Bubke, Scileppi, Bergan, Breitel, Jasen and Gibson concur.
Order reversed, without costs, and the case remitted to Supreme Court, Schenectady County, for further proceedings in accordance with the memorandum herein.