■ UTICA MUTUAL INSURANCE COMPANY, Respondent, v. SAM SAPIRA, Respondent, and LIBERTY MUTUAL INSURANCE COMPANIES, Appellant.— Judgment, Supreme Court, New York County, entered July 16, 1973, after trial without a jury, unanimously reversed, on the law, and the proceeding remanded to the Trial Justice for further procedures as hereinafter set forth, without costs and without disbursements. This is a proceeding to stay arbitration and to determine the issue of insurance coverage. Respondent Sapira asserted a claim under an "uninsured motorist" clause against his own automobile insurance carrier, petitioner-respondent Utica Mutual Insurance Company, and demanded arbitration thereof. The claim arose out of an accident in which there was involved an automobile owned by Lowe Car Corporation, as to which Lowe's purported carrier, respondent-appellant Liberty Mutual Insurance Companies, disclaimed responsibility for coverage. Utica moved to stay the arbitration. Lowe was an assigned risk, and Liberty's policy schedule listed only four of Lowe's vehicles, each identified by engine number. The evidence before the trial court was to the effect that Lowe had canceled coverage of the subject vehicle effective at midnight, January 22, 1969 and that the accident occurred on the following day; there was an insinuation that the actual substi-

tution had occurred later than claimed and was back-dated to avoid liability on Liberty's part. The court never decided the issue so presented except impliedly by holding Liberty liable for coverage, thereby exculpating Utica. The basis for that holding was, however, a fact that was disputed by nobody: that as of the time of the accident Liberty had not yet notified the Department of Motor Vehicles of the substitution, citing section 313 of the Vehicle and Traffic Law. The holding was erroneous; the section contains no such requirement as to termination, as here, by the act of the *insured*. Nor does the requirement of such notice contained in section 347 have any application, for that section pertains to nonresident motorists. It therefore becomes necessary to vacate the court's conclusion as embodied in the judgment, to reopen the hearing, and to direct that a finding of fact be made as to the time relationship between the insured's substitution of vehicles in the policy schedule and the happening of the accident. Based upon that finding, an appropriate conclusion shall then be made. Should either side desire to submit additional evidence on the issue defined, it shall be received. Concur — Markewich, J. P., Kupferman, Lupiano, Tilzer and Lane, JJ.