Bertram Harnett, J.
There is a statutory loophole in New York’s compulsory auto liability insurance scheme. It opens wide in this case where a car owner is not the "named insured” on the policy covering his car.
Government Employees Insurance Company (GEICO) issued an auto liability policy to Nicholas Risucci. His son Andrew, while living in Florida, had a previous GEICO policy for his own Volkswagen. When Andrew returned to live with his father in New York, GEICO simply added his car to his father’s policy, which designated only the father as the "named insured”. While the son’s car was listed as a vehicle covered under the policy, the son was not carried as a "named insured”.
Later, by letter dated December 31, 1971, Nicholas Risucci told GEICO not to renew insurance on his son’s car, although he renewed the coverage on his own car.
On April 18, 1972, Andrew Risucci had an accident while driving his Volkswagen. GEICO has refused to represent him in the resulting negligence action, claiming its policy was not renewed as to his car. It brings this declaratory judgment action for a judicial determination of its rights and liabilities.
The focal issue is whether GEICO was required to give notice to the son of the policy nonrenewal. GEICO admits it notified no one — not the Commissioner of Motor Vehicles, not father Nicholas Risucci, not son Andrew Risucci — but asserts (apparently correctly) it did not have to.
Two statutes deal with notice to the Commissioner of Motor Vehicles whenever an auto liability policy is terminated (Vehicle and Traffic Law, §§ 313, 347) but neither determines today’s result. Section 347 does not apply to this case at all. That section, by its terms, applies only to policies issued under the Safety Responsibility Act (Vehicle and Traffic Law, art 7). And, since 1957, that act has not applied to cars registered in New York. (Vehicle and Traffic Law, § 346; Capra v Lumbermens Mut. Cas. Co., 37 AD2d 190.) Section 313 does apply, and GEICO violated its provisions in failing to notify the commissioner within 30 days of the termination. But, this failure to inform the Motor Vehicle Commissioner does not affect an otherwise valid termination or nonrenewal. (Capra v Lumber *948 mens Mut. Ins. Co., 31 NY2d 760 supra; Kyer v General Cas. Co. of Amer., 14 AD2d 649; Murry v Allstate Ins. Co., 16 AD2d 958; Perez v Hartford Acc. & Ind. Co., 31 AD2d 895, affd 26 NY2d 625.)
Similarly, two statutes require notice to the "named insured” when the insurer terminates a policy (Insurance Law, § 167-a; Vehicle and Traffic Law, § 313). But, these statutes require notice only to the "named insured”, not the car owner. Moreover, in this case, these statutes would require no termination notice even to the named insured, because here the named insured, Nicholas Risucci, canceled his son’s coverage, not the company. (Matter of Orefice v MVAIC, 28 AD2d 854; Providence Washington Ins. Co. v Security Mut. Ins. Co., 43 AD2d 213.)
Note — Car owner Andrew Risucci was stripped of insurance, and GEICO never let him know. Yet, GEICO succeeds in escaping coverage. Here is a gap in the regulatory scheme, which GEICO slips through.
New York’s Motor Vehicle Financial Security Act (Vehicle and Traffic Law, art 6) compels insurance for all cars registered or driven in the State. It makes each owner responsible to maintain auto liability insurance. He cannot register his car unless he proves it is insured (or otherwise indemnified against liability). (Vehicle and Traffic Law, § 312.) A driver can be penalized for driving a car he knows to be uninsured. But, the owner of an uninsured car can lose his driver’s license and registration, can be fined $1,000, and jailed for a year for permitting operation of his car without insurance regardless of whether he knows it is uninsured. (Vehicle and Traffic Law, §§ 318, 319.)
While the law assumes an owner knows whether his car is insured, it requires no one to tell a car owner who is not the named insured when his policy is unexpectedly terminated.
The statute-commanded communication is from the insurer to the "named insured”. (Vehicle and Traffic Law, § 313.) The law apparently assumes an identity of car owner and "named insured”. GEICO’s practice puts the lie to that assumption. GEICO insured cars of several owners while naming only one as the insured. The Financial Security Act is unequipped for the realities of such underwriting procedure. Of this, the commissioner and the Legislature should take note.
There appeared no basis in the proof for waiver or estoppel against GEICO, nor any indication that the son Andrew was *949 in any way misled, uninformed, or prejudiced by a change in position in reliance on GEICO. The father’s apparent authorization to act was never disputed on behalf of his son.
Accordingly, the court will enter a judgment declaring that Andrew Risucci’s Volkswagen was not insured by GEICO on April 18, 1972.