Bertram Harnett, J.
The problem here arose when a father who held a Government Employees Insurance Company (GEICO) policy in his name alone on both his own car, as well as his son’s, declined to renew the coverage on his son’s car. But, the son was never notified of the nonrenewal, and a few months later, the son had an accident with his own car.
In order for a nonrenewal to be effective, the insurer must notify "the named insured.” Was the son named insured as to *133 his own car, or was the father the sole "named insured” as to that car?
In our memorandum decision (84 Misc 2d 946), we concluded that GEICO had effectively terminated its coverage of the son’s car prior to his accident solely through its communication with the father. From the evidence adduced at the past trial, the named insured appeared to be only the father and not the son.
Since the son, the car owner, had his insurance dropped without his apparent consent, it left the odd and unpalatable situation of an uninsured owner driver on the road possibly thinking he was still insured. Worse it left accident victims subject to injury at his hands without the insurance protection our laws mandate.
Following this decision, on motion of one of those accident victims, the court reopened the action for the taking of further testimony on the issue of the "named insured.” This additional testimony has now convinced the court of the insurer’s culpability in creating a confusion about who was the "named insured.” Based on the new finding, this court vacates its prior decision, and now finds GEICO to be the covering insurer. Constructively, the son, Andrew Risucci, is a "named insured.”
At a hearing on April 28, 1976, the court asked a senior underwriter for GEICO: "If you had had information in your file that Andrew owned the car, [who] would the named insured have been under the policy?” The underwriter responded: "We would have issued him a separate policy.”
Significantly, other evidence established the insurer did, or should have had, such ownership information in its files. Only four months prior to the attempted termination, it had insured the Volkswagen for Andrew in his own name. For reasons not fully explained, it then transferred the car to his father’s insurance policy. At about the same time as the transfer, it issued a motor vehicle department insurance certificate (FS-1) certifying that it had issued the required statutory policy to Andrew Risucci. That certificate enabled Andrew to register and operate his car on New York streets.
GEICO armed Andrew Risucci with the ability to place his car on the public road and cause the harm complained of. (See Allstate Ins. Co. v Sullam, 76 Misc 2d 87.) Victims among the public are poorly protected if the liability insurance on a car can be terminated while the offending owner drives on in *134 ignorance. GEICO’s mistake in issuance allowed this insurance to be terminated without the notice to the car owner, the person who most needed to know.
Compulsory insurance and protection of accident victims represent too strong a public policy to be run off the road by GEICO’s now apparent loose underwriting practice. The court cannot allow the insurer to rely on its own mistake to avoid liability for the technical designation of a "named insured.” It was the son’s car, and GEICO knew it. GEICO had previously issued a policy to the son in his own name, and GEICO had issued an FS-1 for the son. If it wanted to terminate its policy on his car, it had to first notify him. GEICO is estopped from denying the son was "a named insured.”
Accordingly, the court will enter judgment declaring that Andrew Risucci’s Volkswagen was insured by GEICO at the time of the accident on April 18, 1972.