■ HARTFORD INSURANCE COMPANY, Respondent, v ANDREW J. CORRIGAN, Respondent, and ALLSTATE INSURANCE COMPANY, Appellant.—In a proceeding to stay arbitration, the appeal is from an order of the Supreme Court, Suffolk County, dated February 14, 1977, which granted the application. Order affirmed, with $50 costs and disbursements. The appellant, Allstate Insurance Company, entered into an insurance agreement with John P. Ulrich on March 18, 1971 with reference to an automobile owned by Mr. Ulrich. On March 18, 1971 Allstate notified the New York State Motor Vehicle Bureau that a policy of automobile liability insurance covering Ulrich's motor vehicle was in effect as of that date. On March 31, 1971 a letter canceling the policy was mailed to Ulrich's last known address.

However, the Motor Vehicle Bureau was never notified of any cancellation of the policy. Respondent Andrew J. Corrigan was injured while riding as a passenger in Ulrich's motor vehicle on November 19, 1971. Corrigan, in addition to commencing an action against Ulrich, filed a notice of claim with his own automobile liability insurance company, petitioner-respondent Hartford Insurance Company, pursuant to the uninsured motorist provisions contained in his policy. Hartford received a demand for arbitration from Corrigan and applied to stay arbitration on the ground that Ulrich was covered by Allstate under the policy which was effective as of March 18, 1971. The issue presented is whether Allstate's letter of March 31, 1971 to its insured, Ulrich, was sufficient to cancel the policy. Special Term stayed arbitration because section 347 of the Vehicle and Traffic Law, which requires an insurer to give notice of cancellation to the State Motor Vehicle Commissioner before an insurance policy can be terminated, had not been satisfied. Thus, Special Term found that, since the commissioner was never notified of a cancellation, the Allstate policy was never terminated. We do not agree with Special Term's rationale. Section 347 of the Vehicle and Traffic Law is inapplicable to the instant matter since it applies solely to nonresident motorists (see *Capra v Lumbermens Mut. Cas. Co.,* 37 AD2d 190, revd 31 NY2d 760, app after retrial 43 AD2d 986). However, subdivision 1 of section 313 of the Vehicle and Traffic Law mandates the same result. Although there is now "no question but that the termination of automobile insurance is unaffected by an insurer's failure to file a notice of termination with the Commissioner of Motor Vehicles, as required by section 313 of the Vehicle and Traffic Law" *(supra,* p 762), the cancellation notice to the insured herein was fatally defective. Specific statements are required to be included in the insurer's notice of cancellation to the insured (see Vehicle and Traffic Law, § 313, subd 1). The record indicates that those required statements were not included in Allstate's letter to Ulrich. Therefore the cancellation letter of March 31, 1971 was ineffective and arbitration was properly stayed. Hopkins, J. P., Latham, Cohalan and Damiani, JJ., concur.