■ STANLEY OLESKY, JR., Respondent, v TRAVELERS INSURANCE COMPANY et al., Respondents, and LUMBERMENS MUTUAL CASUALTY COMPANY, Appellant.—Judgment unanimously reversed, without costs, and judgment granted in favor of defendant Lumbermens Mutual Casualty Company, in accordance with the following memorandum: The liability policy written by defendant Lumbermens Mutual Casualty Company (Lumbermens) to defendant Marion K. Peters upon her automobile for the period from December 2, 1970 to December 2, 1971 set forth her address as "206 Elmwood Avenue, Buffalo, New York 14202". On December 21, 1970 Lumbermens mailed to her at that address a notice of cancellation of the policy effective January 13, 1971, except that the address did not include the zip code number. Defendant Peters denies that she received the notice. On January 14, 1971 her vehicle was involved in an accident with that of plaintiff, who was insured with Travelers Insurance Company (Travelers), the policy containing an uninsured motorist endorsement. When Lumbermens disclaimed liability for the accident, plaintiff sought recovery from his carrier, Travelers, and Travelers actively intervened in an effort to establish that Lumbermens' cancellation of defendant Peters' policy was ineffective and that hence Lumbermens must accept responsibility for plaintiff's accident. There was evidence that the address listed in Peters' application for the policy with Lumbermens was "206 Elmwood and Virginia, Buffalo, New York", slightly different from that set forth in the policy; that other mail addressed to her at 206 Elmwood Avenue, Buffalo, New York, was returned as undeliverable; and that a later letter from Lumbermens was addressed to defendant Peters at 208 Elmwood Avenue, Buffalo, New York, and was returned as undeliverable. Defendants Travelers and Peters thus argue that the address used by Lumbermens in canceling the policy was incorrect and ineffective. The

clause in the policy with reference to its cancellation provided that the "policy may be canceled by the company by mailing to the insured * * * at the address shown in the policy, written notice stating when not less than 20 days thereafter such cancelation *[sic]* shall be effective. * * * The mailing of notice * * * shall be sufficient proof of notice." That provision complied with section 313 of article 6 of the Vehicle and Traffic Law. Lumbermens submitted a certificate of mailing, stamped and signed by a post office employee, showing that on December 21, 1970 it mailed the notice of cancellation to Marion K. Peters at "206 Elmwood Avenue, Buffalo, New York". Although the zip code number was not set forth, we conclude that Lumbermens proved that it mailed the notice of cancellation in accordance with the terms of the policy and the law, and that, therefore, it constituted a valid notice of cancellation whether or not it was received by defendant Peters *(Matter of Leatherby Ins. Co. v Scott,* 51 AD2d 519; *Matter of Merchants Mut. Ins. Co. [Anziano],* 59 Misc 2d 673, 675; *Graham v Wade,* 53 Misc 2d 822, 823). Travelers further contends, however, that Lumbermens' notice to the Commissioner of Motor Vehicles of its termination of the Peters' policy was defective because it was filed on March 29, 1971, much more than the 30 days provided for in section 313 of the Vehicle and Traffic Law; and also because section 347 of the Vehicle and Traffic Law in 1971 provided that the termination of a policy does not occur until 10 days after notice is filed with the commissioners. The latter section is not applicable to insurance policies issued, as was the one to defendant Peters, pursuant to section 313 of article 6 of the Vehicle and Traffic Law; and indeed section 347 was repealed by the chapter 441 of the Laws of 1972 *(Capra v Lumbermens Mut. Cas. Co.,* 37 AD2d 190, revd on other grounds 31 NY2d 760; see NY Legis Ann, 1972, p 233). In *Capra,* the Court of Appeals wrote (p 762) "there is no question but that the termination of automobile insurance is unaffected by an insurer's failure to file a notice of termination with the Commissioner of Motor Vehicles, as required by section 313 of the Vehicle and Traffic Law (see, e.g., *Perez v. Hartford Acc. & Ind. Co.,* 26 N Y 2d 625, affd 31 A D 2d 895)". (See, also, *Hartford Ins. Co. v Corrigan,* 59 AD2d 933, 934; *Utica Mut. Ins. Co. v Sapira,* 44 AD2d 824, 825.) As to Lumbermens' failure to file the notice of cancellation with the commissioner within 30 days of cancellation as provided in section 313 of the Vehicle and Traffic Law, that provision is directory only and does not affect the validity of the notice of termination *(Capra v Lumbermens Mut. Cas. Co.,* 31 NY2d 760, *supra; Perez v Hartford Acc. & Ind. Co., supra; Government Employees Ins. Co. v Employers Commercial Union Ins. Co.,* 62 AD2d 123, 125). Lumbermens is, therefore, entitled to judgment declaring that it is not liable to plaintiff on its policy to defendant Peters and vacating the stay of arbitration between defendants Peters and Travelers. (Appeal from judgment of Erie Supreme Court—declaratory judgment.) Present—Cardamone, J. P., Hancock, Jr., Schnepp, Doerr and Witmer, JJ.