■ SPRING BROOK RIDING ACADEMY, Respondent, v NATIONAL GRANGE MUTUAL INSURANCE COMPANY, Appellant. — In an action for a judgment declaring, *inter alia,* that an insurance policy issued by defendant to plaintiff was in full force and effect on a certain date, defendant appeals from an order of the Supreme Court, Orange County (Isseks, J.), dated September 9, 1982, which, among other things, granted plaintiff's motion for reargument of a motion for summary judgment and thereupon granted said motion on the ground that defendant's notice of insurance cancellation was ineffective because of its failure to comply with section 313 of the Vehicle and Traffic Law. Order affirmed, with costs. Defendant issued an automobile insurance policy on plaintiff's 1972 Ford for the period July 10, 1980 to July 10, 1981. On December 4, 1980 defendant mailed plaintiff a notice of cancellation of the policy. This notice provided that cancellation was to be effective at 12:01 A.M. on December 27, 1980. The face of the notice contained none of the statements required by section 313 of the Vehicle and Traffic Law. Rather, the face of the notice contained a so-called "signal" in its lower right-hand corner which read,

"IMPORTANT: SEE REVERSE SIDE FOR SPECIAL REGULATIONS THAT APPLY TO THIS NOTICE". Plaintiff contends, and defendant does not dispute, that this signal was printed in type of a face smaller than 12 points. The reverse side of the notice contained "NEW YORK — SPECIAL NOTICES" in compliance with the substantive and typeface provisions of section 313 of the Vehicle and Traffic Law. On February 11, 1981, the 1972 Ford was involved in an accident. Plaintiff subsequently brought this action on May 27, 1981, seeking, *inter alia,* a declaration that the insurance policy was in full force and effect on the date of the accident as a result of noncompliance with the cancellation provisions of section 313 of the Vehicle and Traffic Law. Section 313 is a notice provision designed to inform an insured of the legal consequences arising from the cancellation of insurance coverage. Strict compliance with its provisions is required (*Cohn v Royal Globe Ins. Co.,* 49 NY2d 942, 944). Thus, where a cancellation notice contains a signal on its face referring the reader to required statutory language on the reverse side of the notice, the signal is itself part of the notice and must therefore conform to the requirements of section 313 (*Ojeda v General Acc. Fire & Life Assur. Corp.,* 88 AD2d 798, 799). The notice of cancellation used by defendant failed to fully comply with section 313 (subd 1, par [a]) inasmuch as the words, "IMPORTANT: SEE REVERSE SIDE FOR SPECIAL REGULATIONS THAT APPLY TO THIS NOTICE", on the face of the notice were printed in type of a face smaller than 12 points. A cancellation notice that fails to comply with section 313 is ineffective to terminate an insurer's obligations under the policy (*Hartford Ins. Co. v Corrigan,* 59 AD2d 933; see, also, *Matter of Lumbermens Mut. Cas. Co. [Berkovic],* 74 AD2d 496; *Matter of Aetna Cas. & Sur. Co. v Morales,* 70 AD2d 833), and defendant's policy obligations were therefore in full force and effect on February 11, 1981, the date of the accident. Mollen, P. J., Titone, Lazer and Rubin, JJ., concur.