(January 30, 1986)

■ REINA DE URBAEZ, Appellant-Respondent, v LUMBERMENS MUTUAL CASUALTY COMPANY, Respondent-Appellant.—Order of the Supreme Court, Bronx County (Callahan, J.), entered August 1, 1984, which denied both the plaintiff's motion and the defendant's cross motion for summary judgment, is modified, on the law, defendant's cross motion for summary judgment is granted, and the order is otherwise affirmed, without costs.

Appellant brought this action to recover no-fault benefits for the injuries she sustained in an accident that occurred on May 9, 1979 while a passenger in an automobile owned by Francisca Alava and allegedly insured by Lumbermens Mutual Casualty Company (Lumbermens). An assigned risk policy was issued by defendant, Lumbermens, to Francisca Alava covering the period of September 1, 1978 through September 1, 1979. On the insurance application, Alava listed her complete address but failed to provide other requested information.

On November 6, 1978, Lumbermens sent a letter to the insured requesting that she provide five items of information left incomplete on the application. On January 30, 1979, Lumbermens wrote to the insured's broker and sent a copy to the insured requesting that three of the same items of information be provided before February 25, 1979, so as to avoid cancellation for "failure to remedy material defects." Both letters were returned stamped "moved, left no address." Lum-

bermens sent a third letter on March 16, 1979 which advised the insured and her broker of the lack of response to the several requests for information, and that due to a failure to remedy material defects a notice of cancellation would soon follow. That letter was also returned to Lumbermens as undelivered. On March 20, 1979, notice of cancellation was mailed to the insured stating as its reason: "Company Request. Failure to remedy material defects."

On May 10, 1979, the day following the accident, Lumbermens repeated its denial of coverage to the insured and the broker. It was not until May 15, 1979 that Alava supplied the requested information.

A valid cancellation of an assigned risk policy must comply with statutory requirements. *(Daniel v Rivera,* 93 AD2d 877, *affd* 60 NY2d 662.) Section 18 of the New York Automobile Insurance Plan, which governs assigned risk policies, requires that the insurer give notice of cancellation of the policy, "if the insured: * * * (3) has violated any of the terms or conditions upon the basis of which the insurance was issued, or (4) has failed to remedy material defects in the application". Alava was repeatedly put on notice as to the defects in the application but failed to remedy them. Not only were these defects in direct violation of section 18 of the New York Automobile Insurance Plan, but clause 17 of the policy itself which states: "the company shall not exercise its right to cancel the insurance * * * unless: * * * 3. the insured violates any of the terms and conditions of the policy".

Proof of mailing a notice of cancellation is a valid cancellation whether or not it is received by the insured. *(Olesky v Travelers Ins. Co.,* 72 AD2d 924-925.) *Olesky* involved the failure by an applicant to list the zip code of his address on the insurance application. The instant case involves more serious omissions. As such, cancellation of the policy following repeated notification attempts was valid. Lumbermens' issuance of a cancellation for "Company Request. Failure to remedy material defects" is unambiguous and can be construed to mean that the uncorrected omissions on the application were material defects for which cancellation was a predictable result. Concur—Kupferman, Ross, Carro and Lynch, JJ.

Murphy, P. J., dissents in a memorandum as follows: The insurance policy at issue does not permit the insurer to cancel for "failure to remedy material defects" once the policy has been in force for 60 days. Condition 17 of the policy entitled

"Cancelation *[sic]* by Company Limited" states plainly: "After this policy has been in effect for sixty days * * * the company shall not exercise its right to cancel the insurance".

Exceptions to this provision are listed thereafter. Nowhere among these exceptions does "failure to remedy material defects" appear. It is undisputed that notice of cancellation was not given within 60 days from the issuance of the policy; it came after nearly seven months of the one-year policy term had elapsed. Logic then would seem to dictate that cancellation of the policy was ineffective because the ground upon which cancellation was predicated was not among those entitling the insurer to cancel coverage after 60 days.

The majority, however, apparently understands subdivision 3 of policy condition 17, which allows the insurer to cancel coverage beyond 60 days for violation of "any of the terms or conditions of the policy," as encompassing cancellation for "failure to remedy material defects." Yet the insured's duty to remedy "material defects" is not listed under the policy conditions or among its terms. If such a ground for cancellation is to be found it must be implied. But implication of a ground for policy cancellation constitutes an unwarranted departure from the long established rule that insurance policies are to be strictly construed so that any ambiguities are resolved in the insured's favor. *(See, e.g., Broquedis v Employers Mut. Liab. Ins. Co.,* 45 AD2d 591; *Government Employees Ins. Co. v Mizell,* 36 AD2d 452.)

The question of whether the duty to remedy material defects is one of the terms and conditions of the policy is not easily answered. Justice Callahan, in his decision below, correctly observed that "defendant has not proven at this time that pursuant to the insurance policy at issue, cancellation for the reasons given falls within paragraph 17 (3) of the policy." It does not follow, however, that the policy's ambiguity in this regard requires a trial for its resolution. As noted above, ambiguities in contracts of insurance are to be strictly construed against the insurer. *(See, e.g., Ruder & Finn v Seaboard Sur. Co.,* 52 NY2d 663, 671; *Miller v Continental Ins. Co.,* 40 NY2d 675, 678.) This is especially the case where, as here, construction in the insurer's favor would eliminate coverage. *(Van Minos v Merkley,* 48 AD2d 281, 286; 12 Couch, Insurance 2d § 45:344.) As a matter of law, judgment should have been granted plaintiff.

The majority's remarkably indulgent construction of the insurer's policy in the insurer's favor overlooks the fact that

under the New York Automobile Insurance Plan governing assigned risk policies, cancellation pursuant to § 18 (2) (4) for failure to remedy material defects in the application is considered distinct from cancellation for violation of the policy terms and conditions. They are listed in the Insurance Plan as separate grounds for cancellation, and presumably apply to different circumstances. Cancellation for failure to remedy material defects in the application goes to the sufficiency of the information provided by the insured during formation of the contract. Cancellation for failure to abide by policy terms and conditions, on the other hand, presupposes a validly formed contract and goes to the conditions upon which the insurance is issued *after* acceptance of the insured's application. It is this latter sort of deficiency only that is addressed by clause 17 (3) of the policy at issue. Indeed, there is every reason to expect the insurer to take conclusive action upon an insurance application within 60 days of policy issuance. It is clearly undesirable to allow an insurer to deny coverage for application defects when the insurer has had more than adequate opportunity to investigate the application and call defects to the attention of the insured. This would seem to be the rationale underlying the 60-day limitation on cancellation provided by the instant policy and statutorily mandated in automobile policies governed by § 167-a (3) (now § 3425 [c]) of the Insurance Law. To construe the instant policy as this court has deprives the 60-day limitation on cancellation of all purpose and effect, since it is precisely to insure prompt and diligent investigation of the application and to preclude denials of coverage based on belatedly discovered application defects that the provision is included.

It is undoubtedly true that assigned risk policies issued pursuant to the New York Automobile Insurance Plan may be cancelled for failure to remedy material defects in the application. (New York Automobile Insurance Plan § 18 [2] [4].) The provisions of the Insurance Plan, however, do not relieve the insurer of its obligations to the insured under the contract of insurance. If, as here, the insurer, by the contract it has drawn, limits its right of cancellation beyond what is otherwise required by law, the contract takes precedence. *(See, Maxwell v State Farm Mut. Auto. Ins. Co.,* 92 AD2d 1049, 1050.)* The Insurance Plan's more liberal cancellation provisions notwithstanding, the express limitations on cancellation after 60 days in the instant contract ought to be enforced.

Even if we are to assume, arguendo, that failure to remedy material defects in the application is a term or condition of

the policy within the meaning of policy condition 17 (3), termination of the policy was still defective because the cancellation notice failed to indicate with any accuracy or specificity the reasons for terminating coverage. The cancellation notice stated only: "Company request: failure to remedy material defects." The notice failed to indicate that the material defects were defects in the application. Moreover, the notice failed completely to specify which of the material defects outlined in section 11-1 of the Insurance Plan obtained. It is not sufficient to state that the defect is material; the insured is entitled to know what the defect is so that he can contest the cancellation or correct the defect in order to obtain substitute insurance. *(Nassau Ins. Co. v Hernandez,* 65 AD2d 551, 552.) *(Nassau Ins. Co. v Hernandez* applies the specificity requirement of Insurance Law § 167-a [2], which law is concededly inapplicable to assigned risk insurance policies. However, the principle that reasons for cancellation must be specifically stated is one that is applicable with equal force to assigned risk policies.)

The majority inexplicably finds the text of defendant's cancellation notice "unambiguous" and continues somewhat inconsistently to urge that it "can be construed to mean that the uncorrected omissions on the application were material defects for which cancellation was a predictable result." Yet the issue is not what the instant cancellation notice "can be construed to mean," it is whether the notice given, without more, was adequate to advise an insured unversed in the terminology of the insurance trade of the specific reason for canceling coverage. The fact that the insured is able to gather from a cryptic cancellation notice the reasons for its issuance does not relieve the insurer of the duty to specify. *(Nassau Ins. Co. v Hernandez, supra,* p 552.)

For the foregoing reasons defendant insurer's cancellation of the subject policy should be deemed ineffective and summary judgment should be granted plaintiff.