■ In the Matter of the Arbitration between LUMBERMENS MUTUAL CASUALTY Co., Respondent, and DORELL BROOKS, Respondent; AMERICAN TRANSIT INSURANCE Co., Appellant, et al., Respondent. [786 NYS2d 482]—

Order, Supreme Court, New York County (Rosalyn Richter, J.), entered on or about August 4, 2003, which granted the petition to permanently stay an uninsured motorist arbitration on the ground that the motorist involved was insured on the date of the accident, unanimously affirmed, without costs.

Although the notice of cancellation sent by respondent American Transit Insurance Co. to its insured some five months prior to the accident was addressed in accordance with the requirements of Vehicle and Traffic Law § 313 (1) (a), it was nevertheless ineffective to cancel the subject policy since it failed adequately to specify the reason for cancellation and, moreover, it appears that respondent had no valid ground for the policy's cancellation. The reason for cancellation stated in the notice was "Producer's Account Closed," and the insured was referred to Code No. 4, which stated in pertinent part: "after the issuance of the policy, . . . discovery of an act or omission, or a violation of any policy condition that substantially and materially increases the hazards insured against, and which occurred subsequent to inception of the current policy period." The notice is deficient since it does not specify the act or omission, or violation (*see De Urbaez v Lumbermens Mut. Cas. Co.*, 68 NY2d 930 [1986], *revg* 116 AD2d 534 [1986] *on dissenting mem* [116 AD2d at 535-538]). Indeed, it does not mention the actual reason for cancellation, which was rather, as appellant subsequently testified, that the subject policy had been procured by a brokerage that had allegedly engaged in fraudulent policy procurement practices. Even if this had been the stated ground for cancellation in the notice to the insured, it would not have been substantively adequate as a basis for terminating the policy since there was no demonstrable link between the asserted fraud and the procurement of the particular policy at issue. Concur—Williams, J.P., Marlow, Gonzalez, Sweeny and Catterson, JJ.