■ In the Matter of PROGRESSIVE SPECIALTY INSURANCE COMPANY, Respondent, v STEPHEN ALEXIS et al., Respondents, and NEW YORK CENTRAL MUTUAL INSURANCE COMPANY, Appellant. [996 NYS2d 173]—

In a proceeding pursuant to CPLR article 75 to stay arbitration of a claim for supplementary uninsured/underinsured motorist benefits, additional respondent New York Central Mutual Insurance Company appeals from an order of the Supreme Court, Orange County (Onofry, J.), dated January 23, 2013, which, upon granting the petition to the extent of directing a framed issue hearing on the issue of whether additional respondent So Mi Ko was insured by it at the time of the underlying accident, after a hearing, determined that So Mi Ko was so insured at the time of the accident.

Ordered that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that one bill of costs is awarded to the petitioner-respondent.

The respondents Stephen Alexis and Gwen Alexis sustained injuries when the vehicle that Stephen was operating (hereinafter the Alexis vehicle) was involved in a collision with a vehicle owned by the additional respondent So Mi Ko. At the time of the accident, the Alexis vehicle was insured by the petitioner, Progressive Specialty Insurance Company (hereinafter Progressive), and So Mi Ko's vehicle was insured by the additional respondent-appellant, New York Central Mutual Insurance Company (hereinafter New York Central). Stephen and Gwen sought to arbitrate a claim under their Progressive policy, which included an endorsement for supplementary uninsured/underinsured motorist benefits. Progressive then commenced a proceeding to stay the arbitration pursuant to CPLR 7503 on the ground, inter alia, that So Mi Ko's vehicle was insured by

New York Central at the time of the accident. New York Central contended that it had cancelled So Mi Ko's policy prior to the subject accident. Thereafter, the Supreme Court directed a framed issue hearing on the issue of whether So Mi Ko was insured by New York Central at the time of the accident. After the hearing, the Supreme Court determined that New York Central failed to establish that it had validly cancelled the policy prior to the accident.

As the owner of the vehicle, So Mi Ko had an insurable interest for which New York Central provided coverage (*see* Insurance Law § 3401; *Scarola v Insurance Co. of N. Am.*, 31 NY2d 411, 412-414 [1972]; *Azzato v Allstate Ins. Co.*, 99 AD3d 643, 650-651 [2012]). Accordingly, New York Central's cancellation of So Mi Ko's policy on this ground was improper and, therefore, invalid (*see Matter of Lumbermens Mut. Cas. Co. [Brooks]*, 13 AD3d 198, 199 [2004]; *Nassau Ins. Co. v Hernandez*, 65 AD2d 551, 552 [1978]; *cf. Matter of State Farm Mut. Auto. Ins. Co. v Cherian*, 202 AD2d 434, 435-436 [1994]).

New York Central's remaining contentions are without merit.

Accordingly, the Supreme Court properly determined that So Mi Ko was insured by New York Central Insurance Company at the time of the underlying accident. Mastro, J.P., Skelos, Roman and Maltese, JJ., concur.