■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN TAYLOR, Appellant.—Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from judgment of Supreme Court, Erie County, Flynn, J.—grand larceny, third degree.) Present —Hancock, Jr., J. P., Callahan, Denman, Green and O'Donnell, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CELESTER ARRINGTON, Appellant.—Judgment unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from judgment of Supreme Court, Erie County, Green, J.—criminal trespass, second degree.) Present—Doerr, J. P., Boomer, O'Donnell, Pine and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FINLEY M., Appellant.—Adjudication unanimously affirmed. Counsel's application to withdraw granted *(see, People v Crawford,* 71 AD2d 38). (Appeal from adjudication of Supreme Court, Erie County, Kasler, J.—youthful offender.) Present— Doerr, J. P., Boomer, O'Donnell, Pine and Schnepp, JJ.

■ JERALD I. HUGHSON, Respondent, v NATIONAL GRANGE MUTUAL INSURANCE COMPANY, Appellant. LINDA L. KENNEY, as Limited Administratrix of the Estate of TIMOTHY B. BREWSTER, Deceased, Respondent, v LUMBERMENS MUTUAL CASUALTY COMPANY, Respondent.—Motions to reargue granted to the extent that reargument granted and, upon reargument, order, insofar as appealed from, unanimously reversed, on the law, without costs, and summary judgment granted in favor of defendant, National Grange Mutual Insurance Company, in accordance with the following memorandum: Upon reargument, we find that National Grange Mutual Insurance Company submitted the necessary certificate of mailing, stamped by a post-office employee, showing that on July 23, 1981, a notice of cancellation was sent to the insured at the address listed on the policy. Thus, defendant is entitled to a judgment declaring that its policy issued to Hughson was effectively canceled pursuant to Vehicle and Traffic Law § 313 (1) and was not in effect at the time of the accident *(see, Olesky v Travelers Ins. Co.,* 72 AD2d 924). Present—Dillon, P. J., Boomer, Green, O'Donnell and Schnepp, JJ.