■ MARY J. BARILE et al., Respondents, v CAROL M. KAVANAUGH et al., Respondents, and STATE FARM FIRE & CASUALTY COMPANY, Appellant.—Order and judgment affirmed, with costs. Memorandum: Special Term properly granted plaintiffs' motion for summary judgment declaring that the notice of

cancellation sent by defendant State Farm to its insured on July 22, 1983, purporting to cancel a policy of automobile liability insurance covering a vehicle owned by defendant Janet M. Kavanaugh, was ineffective and that said policy of insurance was in full force and effect on August 12, 1983. There is no question that the notice did not fully comply with Vehicle and Traffic Law § 313 (1) (a) in that it omitted the required statement that "proof of financial security is required to be maintained continuously throughout the registration period and a notice prescribed by the commissioner indicating the punitive effects of failure to maintain continuous proof of financial security and actions which may be taken by the insured to avoid such punitive effects." Strict compliance with the statute is required and the notice of cancellation was a nullity (see, *Spring Brook Riding Academy v National Grange Mut. Ins. Co.*, 97 AD2d 754, 755; *Matter of State Farm Mut. Auto. Ins. Co. v Matthews*, 74 AD2d 875). That the Department of Motor Vehicles regulation prior to August 4, 1983 (15 NYCRR 34.6), unlike the amended regulation (15 NYCRR 35.11 [now repealed]), permitted a notice of cancellation that did not comply with the statute is, in our opinion, of no consequence.

All concur, except Denman, J., who dissents and votes to reverse and declare that the notice of cancellation sent by defendant Insurance Company to its insured complied with the statutory requirements.

Denman, J. (dissenting). Memorandum: The notice of cancellation, in a form which complied verbatim with the notice of cancellation prescribed by the Commissioner of Motor Vehicles in his regulation as it read at the time the notice was sent (15 NYCRR 34.6 [eff Sept. 1, 1982]), stated:

"If you do not keep your insurance in force during the entire registration period, your registration will be suspended. If your vehicle is still uninsured after 90 days, your driver's license will be suspended. To avoid these penalties you must surrender your registration certificate and plates before your insurance expires. By law, we must report the termination of this coverage of vehicle insurance to the Department of Motor Vehicles.

"If you have a lapse in insurance coverage of under 90 days, the law permits you to avoid a suspension of your registration by the payment of a civil penalty of $100 for each 30 days or portion thereof your insurance coverage was not in effect. This grace provision applies only once during any 36-month period.

Thus, if you have had a lapse in insurance coverage, it is important that you contact the Department of Motor Vehicles immediately."

The majority concludes that this notice of cancellation failed to comply with the requirement of Vehicle and Traffic Law § 313 (1) (a) that it include a "statement that proof of financial security is required to be maintained continuously throughout the registration period". There is no claim that the notice failed to indicate the "punitive effects" of noninsurance or described actions to be taken by the insured to avoid such "punitive effects". Because I conclude that the notice of cancellation complied with the statutory requirements, I respectfully dissent.

First, the statute is a paraphrase of what is required to be contained in a notice of cancellation; the statute does not require incantation of the statutory language itself. This is evident from the fact that a verbatim recitation of the language quoted in the majority memorandum would not comply with the statute, since it would merely indicate that there are "punitive effects" of a failure to maintain insurance without indicating what those "punitive effects" are.

Second, the requirement that the notice contain a "statement that proof of financial security is required to be maintained continuously throughout the registration period" (Vehicle and Traffic Law § 313 [1] [a]) is satisfied by language warning the insured to "keep your insurance in force during the entire registration period". That is the interpretation placed upon the statute by the Commissioner of Motor Vehicles in regulations in effect then and since (see, 15 NYCRR 34.6 [eff Sept 1, 1982]; 15 NYCRR 34.6 [eff Feb. 1, 1984]), and that interpretation should not be disturbed unless it is irrational or unreasonable (see, Kurcsics v Merchants Mut. Ins. Co., 49 NY2d 451, 459; Matter of Howard v Wyman, 28 NY2d 434, 438; see also, Vehicle and Traffic Law § 312 [4]). It is true that there are other forms of "proof of financial security" besides insurance, but insurance is the only form of proof of financial security that an insurer would purport to cancel in a notice sent to its insured. I see no reason to require a notice of cancellation of an insurance policy to include jargon such as "proof of financial security" in lieu of the plain language of the term "insurance". There can be no credible claim that the insured was misled by the admonition in her notice of cancellation to "keep your insurance in force during the entire registration period."

Third, the notice complied with the regulations in force at

all times in question. The notice was a verbatim recitation of the notice prescribed by the regulation in effect at the time the notice was sent (see, 15 NYCRR 34.6 [eff Sept. 1, 1982]). This regulation was superseded between the time the notice was sent and the time it was to be effective but the superseding regulation provided that notices which complied with the former regulation would be deemed to comply with the new regulation until November 1, 1983, a date four months after the notice in this case was to be effective (see, 15 NYCRR 35.11 [eff Aug. 4, 1983]). Given the fact that the notice of cancellation complied with the regulations, the majority's decision places an unfair burden on insurers to second-guess the Commissioner as to his interpretation of the governing statute. (Appeal from order and judgment of Supreme Court, Erie County, Mintz, J.—declaratory judgment.) Present—Hancock, Jr., J. P., Callahan, Denman, Boomer and Schnepp, JJ.