OPINION OF THE COURT
Alan L. Lebowitz, J.
In this personal injury action defendant Allstate Insurance Company seeks a declaration that it has no duty to defend or *777 indemnify its insured, defendant Roche, for an accident which occurred on October 24, 1983 resulting in injuries to the plaintiff. A trial was held before this court without a jury on the framed issue: Whether the car involved in the accident, a 1976 Plymouth, was actually insured under Roche’s policy as of the date of the accident.
Plaintiff testified that on the evening in question, an automobile driven by defendant Harry Pino struck him. After the accident, plaintiff was shown an FS-20 identification card which indicated that Jose Roche was the owner of the car and Allstate was the insurance company. Plaintiff produced no other evidence or testimony with respect to Allstate’s coverage of this accident.
Donovan Robertson testified on behalf of Allstate Insurance Company. He stated that he is the manager of the Customer Service Department for Allstate. His duties include processing insurance information and handling coverage questions from brokers or agents. He brought with him a document, a T-10 printout, which showed all of the transactions on a particular policy for the year 1983 for the insured, Jose Roche. He testified that: Roche became an insured of Allstate on November 3, 1982 when his 1976 Plymouth was covered. On June 22, 1983, the Plymouth was deleted from coverage and a 1974 Ford was added; on August 2, 1983, the Ford was deleted and a 1978 Chrysler was substituted. The Chrysler continued to be covered as Roche’s only car under the policy from August 2, 1983 through November 3, 1985.
Robertson further stated that each time a change of vehicle was involved, a declaration sheet was sent to Roche notifying him of that transaction. These changes could only have resulted by a written request of the insured or his agent, but Robertson could not produce these requests since Allstate’s practice is to retain them for only six months. However, the T-10 printout of changes is a record kept in the regular course of business by Allstate, which it is required by law to maintain.
Robertson further testified that there is no requirement under law to notify the New York State Department of Motor Vehicles each time there was a substitution of automobiles being covered under Roche’s policy, nor was there any obligation on the part of the insured to return the FS-20 identification card when the car shown thereon is replaced by another vehicle. The Department of Motor Vehicles is only notified if the car is not replaced and the policy of insurance is canceled.
*778 Based on the above testimony of these two individuals, Huertas and Roche, the court concludes that the 1976 Plymouth was not insured under Roche’s policy at the time of the accident.
The plaintiff argues, however, that the various substitutions of vehicles, and thus the deletion of the Plymouth from the policy, never became effective because of Allstate’s failure to inform the Department of Motor Vehicles pursuant to Vehicle and Traffic Law § 313.
The court finds that this section is inapplicable to the facts herein in that it only applies to the termination or cancellation of the insurance policy itself and not to a substitution of one vehicle for another under the same policy.