■ In the Matter of EVEREADY INSURANCE COMPANY, Appellant, v ERIC WILSON, Respondent, and NORTHERN ASSURANCE COMPANY OF AMERICA, Respondent.—In a proceeding to permanently stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals from a judgment of the Supreme Court, Queens County (Kassoff, J.), dated May 3, 1990, which dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, and arbitration is permanently stayed.

The respondent Northern Assurance Company of America (hereinafter Northern Assurance) issued an insurance policy to John Holland on January 11, 1983, covering a 1974 Ford automobile. On April 18, 1983, the Ford was deleted from coverage and a 1966 Lincoln was substituted. Northern Assurance never notified the Department of Motor Vehicles (hereinafter the DMV) that the 1974 Ford had been dropped from coverage. On April 24, 1983, Eric Wilson was injured when the car in which he was a passenger collided with the 1974

Ford. The vehicle in which Wilson was a passenger was insured by the petitioner Eveready Insurance Company (hereinafter Eveready). Pursuant to the uninsured motorist endorsement contained in the policy insuring the car in which he was a passenger, Wilson filed a demand for arbitration against Eveready. Eveready commenced the instant proceeding to stay Wilson from going to arbitration. Eveready alleged that Northern Assurance's failure to notify the DMV of the deletion of the 1974 Ford from the policy of insurance was violative of Vehicle and Traffic Law § 313 and rendered any purported termination of the policy ineffective with respect to third parties. The Supreme Court, Queens County (Kassoff, J.) dismissed the proceeding brought by Eveready. We reverse and grant the petition to permanently stay arbitration.

In order to effectively terminate coverage for the 1974 Ford with respect to persons other than the named insured, Northern Assurance was required to file a notice of termination with the Commissioner of the DMV pursuant to the provisions of Vehicle and Traffic Law § 313 and the Commissioner's regulations in force on April 24, 1983, the date of the subject accident *(see,* L 1981, ch 569, § 4 [2]; § 5; 15 NYCRR 34.4). Since Northern Assurance has stipulated that a notice was never filed with respect to the termination of coverage for the 1974 Ford, we conclude that the termination was not effective with respect to the claim made by Wilson arising out of the April 24, 1983, accident. Accordingly, the petition to stay the claim for arbitration under the uninsured endorsement of the Eveready policy should have been granted.

It is not necessary for us to determine whether the determination in *Huertas v Pino* (143 Misc 2d 776) was proper. The accident that was the subject of the controversy in *Huertas* occurred after July 30, 1983, the effective date of certain amendments to Vehicle and Traffic Law § 313 *(see,* L 1983, ch 781) which have no bearing on the case at bar. Sullivan, J. P., Eiber, O'Brien and Ritter, JJ., concur.