■ GARY R. MEUTSCH, Respondent-Appellant, v TRAVELERS INSURANCE COMPANY, Appellant-Respondent. [604 NYS2d 417] — Order unanimously unanimously modified on the law as modified affirmed with costs to plaintiff in accordance with the following Memorandum: Vehicle and Traffic Law § 313 (1) (a) requires that the notice of cancellation or termination of an automobile policy contain a statement, in a type face not less than 12 point, concerning proof of financial security *(see also,* 15 NYCRR 34.6 [a]). The insurer, in mailing a notice of cancellation to its insured, must comply strictly with that mandate. An attempted cancellation will be deemed invalid where the notice lacks the required statement or includes the statement in a type face less than 12 point *(see, Barile v Kavanaugh,* 115 AD2d 983, *affd* 67 NY2d 392). Defendant, on its motion for summary judgment, submitted conflicting evidence whether the required statement appeared in the notice of cancellation mailed to its insureds. That alone warranted denial of defendant's motion for summary judgment *(see generally,* 97 NY Jur 2d, Summary Judgment and Pretrial Motions to Dismiss, § 28).

Defendant submitted evidentiary material sufficient to demonstrate that it mailed a notice of cancellation to the named insureds at the only address shown on the policy at the time of the mailing *(see,* Vehicle and Traffic Law § 313 [1] [a]). There is no requirement that defendant show that the insureds actually received the notice *(see, Hughson v National Grange Mut. Ins. Co.,* 110 AD2d 1072, *on rearg* 113 AD2d 1031, *appeal dismissed* 67 NY2d 647; *Olesky v Travelers Ins. Co.,* 72 AD2d 924, 925).

We nevertheless agree with plaintiff's contention that cancellation of the policy was ineffective because defendant failed to notify the Commissioner of Motor Vehicles of the cancellation within 30 days of the effective date of cancellation *(see,* Vehicle and Traffic Law § 313 [2]). Prior to amendment of subdivision (3) of that section in 1981 *(see,* L 1981, ch 569, § 5), it was settled law that the failure to notify the Commissioner within the 30-day period did not affect cancellation of the

policy, even with respect to third persons *(see, Capra v Lumbermens Mut. Cas. Co.,* 31 NY2d 760, 762; *Olesky v Travelers Ins. Co.,* 72 AD2d 924, 925, *supra; Government Empls. Ins. Co. v Employers Commercial Union Ins. Co.,* 62 AD2d 123, 125). The 1981 amendment, however, expressly stated that a cancellation of the policy would not be effective "with respect to persons other than the named insured" until the notice was filed with the Commissioner, unless the notice was filed within the 30-day period (L 1981, ch 569, § 5). Courts interpreting that amendment uniformly held that, insofar as third persons were concerned, where the insurer failed to notify the Commissioner within the 30-day period, an automobile insurance policy was not cancelled until the notice was filed with the Commissioner *(see, e.g., Matter of Eveready Ins. Co. v Wilson,* 180 AD2d 796; *Matter of Prudential Prop. & Cas. Ins. Co.,* 120 AD2d 736). Although legislation has been passed repealing the 1981 amendment and reinstating Vehicle and Traffic Law § 313 in its entirety as it existed prior to the 1981 amendment *(see,* L 1983, ch 781, § 15), the effective date of that legislation has been extended to January 31, 1997 *(see,* L 1986, ch 351; L 1991, ch 319). Thus, we conclude that, insofar as this plaintiff is concerned, defendant, by failing to notify the Commissioner of Motor Vehicles within the 30-day period, did not effectively cancel the policy. Thus, plaintiff's cross motion for partial summary judgment on liability should have been granted. (Appeals from Order of Supreme Court, Erie County, Flaherty, J.—Summary Judgment.) Present—Green, J. P., Balio, Fallon, Doerr and Boehm, JJ. [As amended by unpublished order entered Apr. 11, 1994.] [Amended by order entered July 15, 1994, *see,* — AD2d —.]