■ HEATHER LLOYD et al., Appellants, v GOVERNMENT EMPLOYEES' INSURANCE COMPANY et al., Respondents. [612 NYS2d 47] —In an action for a judgment declaring that the respondent Government Employees' Insurance Company has a duty to appear and defend the codefendant, its former insured, in connection with the main action to recover damages for personal injuries, etc., pending in the Supreme Court, Queens County, commenced by the plaintiffs, bearing Index No. 17901/89, the plaintiffs appeal from an order and judgment

(one paper) of the Supreme Court, Kings County (Dowd, J.), entered September 17, 1992, which, *inter alia,* granted the motion of the Government Employees' Insurance Company for summary judgment and declared that it is not obligated to appear or defend in the underlying action.

Ordered that the order and judgment is affirmed, with costs.

Effective January 6, 1985, Government Employees' Insurance Company (hereinafter GEICO) issued a policy of automobile insurance to William H. Coleman. The policy, which was continually renewed until January 6, 1988, provided coverage for a 1985 Volkswagen. GEICO offered a further renewal of the policy for a one-year period beginning January 6, 1988, but Coleman failed to make the first premium payment thereon. On January 19, 1988, GEICO mailed a notice of termination, effective February 4, 1988, due to nonpayment.

On May 31, 1988, the plaintiff Heather Lloyd was allegedly struck by the 1985 Volkswagen. When GEICO disclaimed coverage, the plaintiffs commenced this action seeking, *inter alia,* a declaration that the policy was in effect on the date of the accident. After answering, GEICO moved, *inter alia,* for summary judgment on the ground that the policy had been properly terminated prior to the date of the accident. The plaintiffs cross-moved for summary judgment, *inter alia,* on the ground that GEICO did not comply with Vehicle and Traffic Law § 313 in effecting the termination. The Supreme Court granted summary judgment to GEICO, and we affirm.

Vehicle and Traffic Law § 313, amended effective July 30, 1983, provides that an insurer is not required to provide notice of termination to the Commissioner of Motor Vehicles with reference to "[t]he non-renewal of a policy which has been in force for at least six months". Pursuant to regulations of the Commissioner of the Department of Motor Vehicles promulgated thereunder, "[a] nonrenewal of a motor vehicle * * * policy shall include * * * a failure of the insured to make the first premium payment due upon a superseding policy or a renewal of such policy offered by the insurer" (15 NYCRR 34.2 [r]). The amendment and the regulation are applicable to this case *(see, Huertas v Pino,* 143 Misc 2d 776; *cf., Matter of Eveready Ins. Co. v Wilson,* 180 AD2d 796). Therefore, the Supreme Court properly granted summary judgment to GEICO.

We have reviewed the plaintiffs' remaining contentions and find them to be without merit. Lawrence, J. P., Copertino, Altman and Goldstein, JJ., concur.