■ GARY R. MEUTSCH, Respondent-Appellant, v TRAVELERS INSURANCE COMPANY, Appellant-Respondent. [612 NYS2d 710] — Motion for reargument granted and, upon reargument, order-

ing paragraph of order entered April 11, 1994 amended to provide that order appealed from is unanimously affirmed without costs and decision filed April 11, 1994 (198 AD2d 845) amended to read as follows:

Order unanimously affirmed without costs. Memorandum: Vehicle and Traffic Law § 313 (1) (a) requires that the notice of cancellation or termination of an automobile policy contain a statement, in a type face not less than 12 point, concerning proof of financial security *(see also,* 15 NYCRR 34.6 [a]). The insurer, in mailing a notice of cancellation to its insured, must comply strictly with that mandate. An attempted cancellation will be deemed invalid where the notice lacks the required statement or includes the statement in a type face less than 12 point *(see, Barile v Kavanaugh,* 115 AD2d 983, *affd* 67 NY2d 392). Defendant, on its motion for summary judgment, submitted conflicting evidence whether the required statement appeared in the notice of cancellation mailed to its insureds. That alone warranted denial of defendant's motion for summary judgment *(see generally,* 97 NY Jur 2d, Summary Judgment and Pretrial Motions to Dismiss, § 28).

Defendant submitted evidentiary material sufficient to demonstrate that it mailed a notice of cancellation to the named insureds at the only address shown on the policy at the time of the mailing *(see,* Vehicle and Traffic Law § 313 [1] [a]). There is no requirement that defendant show that the insureds actually received the notice *(see, Hughson v National Grange Mut. Ins. Co.,* 110 AD2d 1072, *on rearg* 113 AD2d 1031, *appeal dismissed* 67 NY2d 647; *Olesky v Travelers Ins. Co.,* 72 AD2d 924, 925).

We reject plaintiff's contention that cancellation of the policy was ineffective as a matter of law because defendant failed to notify the Commissioner of Motor Vehicles within 30 days of the effective date of cancellation *(see,* Vehicle and Traffic Law § 313 [2]). Prior to amendment of subdivision (3) of that section in 1981 *(see,* L 1981, ch 569, § 5), it was settled law that the failure to notify the Commissioner within the 30-day period did not affect cancellation of the policy, even with respect to third persons *(see, Capra v Lumbermens Mut. Cas. Co.,* 31 NY2d 760, 762; *Olesky v Travelers Ins. Co., supra,* at 925; *Government Empls. Ins. Co. v Employers Commercial Union Ins. Co.,* 62 AD2d 123, 125). The 1981 amendment, however, expressly stated that a cancellation of the policy would not be effective "with respect to persons other than the named insured" until the notice was filed with the Commis-

sioner, unless the notice was filed within the 30-day period (L 1981, ch 569, § 5). Courts interpreting that amendment uniformly held that, insofar as third persons were concerned, where the insurer failed to notify the Commissioner within the 30-day period, an automobile insurance policy was not cancelled until the notice was filed with the Commissioner *(see, e.g., Matter of Eveready Ins. Co. v Wilson,* 180 AD2d 796; *Matter of Prudential Prop. & Cas. Ins. Co.,* 120 AD2d 736). Although legislation has been passed repealing the 1981 amendment and reinstating Vehicle and Traffic Law § 313 in its entirety as it existed prior to the 1981 amendment *(see,* L 1983, ch 781, § 15), the effective date of that legislation has been deferred to January 31, 1997 *(see,* L 1986, ch 351; L 1991, ch 319). We note that plaintiff has failed to controvert defendant's allegations that the notice of cancellation was filed with the Commissioner of Motor Vehicles prior to the subject accident.

An insurer may waive its right to assert the defense of cancellation by engaging in conduct that is inconsistent with such cancellation *(see, Government Empls. Ins. Co. v Cusi,* 163 AD2d 918; *American Mut. Ins. Co. v Klein,* 84 Misc 2d 1064, 1070-1071, *affd* 54 AD2d 747). Therefore, a factual issue exists whether defendant, after its attempted cancellation of the policy, settled and paid a property damage claim arising out of the same accident.

We have reviewed the remaining contentions raised by plaintiff on his cross appeal and find them to be without merit. Because factual issues exist, Supreme Court properly denied the motion and cross motion for summary judgment. Present—Green, J. P., Balio, Fallon, Doerr and Boehm, JJ.