■ In the Matter of the Arbitration between HANOVER INSURANCE COMPANY, Appellant, and WILLIAM VELEZ et al., Respondents. [616 NYS2d 354] —Judgment (denominated order) of Supreme Court, New York County (Alfred Toker, J.), entered April 29, 1993, which, after a hearing, denied petitioner's application to stay uninsured motorist arbitration demanded by respondent Velez, and dismissed the petition, unanimously affirmed, with costs.

Contrary to petitioner's arguments, respondent Liberty Mutual Insurance Company was not required to provide its insured, respondent Edwards, with 45 days notice of non-renewal, file such notice with the Department of Motor Vehicles, or notify Edwards of his right to appeal the termination of coverage. Vehicle and Traffic Law § 313 (1) (a), which requires that the insurer give a 45-day "written notice of *its intention* not to renew" (emphasis supplied), is not applicable here, where Liberty sent Edwards a renewal quotation that he failed to accept when he remitted an insufficient deposit. Filing of the notice of termination was also not required since the policy in issue had been in force for more than six months (Vehicle and Traffic Law § 313 [2] [a]). And, since the notice Liberty gave Edwards did not fall under section 18 (2) of the New York Automobile Insurance (Assigned Risk) Plan, Liberty was not required to notify Edwards of his right to appeal pursuant to section 19 of the Plan. Concur—Rosenberger, J. P., Ellerin, Kupferman, Nardelli and Tom, JJ.