■ In the Matter of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, v PREVELES SEVERE, Respondent, GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant, et al., Respondents. (Proceeding No. 1.) In the Matter of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, v CAMILLE MONESTIME et al., Respondents, GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant, et al., Respondents. (Proceeding No. 2.) [620 NYS2d 987] —In two proceedings pursuant to CPLR article 75 to stay arbitration of uninsured motorist claims, Government Employees Insurance Company appeals from (1) a judgment of the Supreme Court, Queens County (Friedmann, J.), dated November 15, 1993, which, after a hearing, inter alia, granted the petition and permanently stayed arbitration of Preveles Severe's claim, and (2) a judgment of the same court, also dated November 15, 1993, which, after a hearing, inter alia, granted the petition and permanently stayed arbitration of the claims of Camille Monestime, Pierre Raoul Germain, and Jean Exantus.

Ordered that the judgments are reversed, on the law, the petitions are denied, and the parties are directed to proceed to arbitration; and it is further,

Ordered that the appellant is awarded one bill of costs.

Government Employees Insurance Company (hereinafter GEICO) issued an insurance policy to Richard Miranda effective October 27, 1989, through October 27, 1990. A renewal notice was sent to Miranda on September 6, 1990. When Miranda failed to pay the premium, GEICO issued a cancellation notice on October 30, 1990. The cancellation notice stated that, effective November 18, 1990, Miranda's insurance would be canceled for nonpayment of the premium. The Department of Motor Vehicles was not notified of the cancellation.

On December 9, 1990, Miranda was involved in an automobile accident with a vehicle owned and operated by Camille

Monestime and insured by State Farm Mutual Automobile Insurance Company (hereinafter State Farm). Pierre Raoul Germain, Jean Exantus, and Preveles Severe were passengers in the vehicle owned by Monestime. When GEICO disclaimed insurance coverage of Miranda's vehicle, Severe, Germain, Exantus, and Monestime served demands for arbitration of their uninsured motorist claims. State Farm then commenced these proceedings to permanently stay arbitration of the claims. State Farm alleged that GEICO had not complied with Vehicle and Traffic Law § 313 by terminating Miranda's insurance because GEICO had not notified the Department of Motor Vehicles (hereinafter the DMV) of its cancellation.

Pursuant to *Lloyd v Government Empls. Ins. Co.* (204 AD2d 407), GEICO was not required to notify the DMV of its cancellation of Miranda's insurance policy, which arose as a consequence of Miranda's rejection of GEICO's offer of renewal. Accordingly, State Farm's petitions to permanently stay arbitration are denied.

We have considered State Farm's remaining contentions and find them to be without merit. Thompson, J. P., Miller, O'Brien, Santucci and Joy, JJ., concur.