■ LORI M. ROEBUCK, Individually and as Mother and Natural Guardian of ALYSIA AHRENT, an Infant, Appellant, v GOVERNMENT EMPLOYEES INSURANCE COMPANY, Respondent. (Action No. 1.) PHILLIP J. KELLER et al., Appellants, v GOVERNMENT EMPLOYEES INSURANCE COMPANY, Respondent. (Action No. 2.) [625 NYS2d 734] —Mercure, J. P. Appeal from an order of the Supreme Court (Viscardi, J.), entered May 9, 1994 in Essex County, which, inter alia, granted defendant's cross motion for summary judgment dismissing the complaint in both actions.

Plaintiffs commenced these actions seeking a declaration that defendant insured a 1978 Volvo sedan operated by plaintiff Phillip J. Keller and owned by Keller and his wife, plaintiff Eleanor Keller, on September 7, 1990, when it struck a vehicle operated by plaintiff Lori M. Roebuck and occupied by her infant daughter, Alysia Ahrent, causing serious injuries to Roebuck and Ahrent. Supreme Court granted defendant's cross motion for summary judgment dismissing both actions upon the ground that the policy defendant issued to the Kellers was properly canceled prior to the accident. Plaintiffs appeal.

It is undisputed that the Kellers had insured their vehicles with defendant for approximately 17 years. The most recent renewal policy, which covered the subject Volvo, was written on June 25, 1990, with an effective date of July 28, 1990 and an expiration date of January 28, 1991. Due to the Kellers' nonpayment of premium, on August 8, 1990 defendant mailed

a notice canceling the policy effective August 24, 1990. When the premium remained unpaid as of the latter date, the policy was canceled. Contesting none of the foregoing, it is plaintiffs' position that defendant's notice of cancellation was ineffective because (1) it gave only 15 days notice, and not the 20 days provided for in the insurance policy, (2) defendant failed to submit notice of the cancellation to the Commissioner of Motor Vehicles within 30 days of the effective date thereof, as required by Vehicle and Traffic Law § 313 (2) (a), and (3) defendant's proof of mailing of the notice of cancellation did not comply with Vehicle and Traffic Law § 313 (1) (b). We find that all three contentions lack merit and accordingly affirm.

First, paragraph 6 (a) of the insurance policy, clearly applicable here, provides for written notice of cancellation "15 days in advance if the proposed cancellation is for nonpayment of premium or any of its installments when due". In contrast, paragraph 7 (d) of the policy, relied upon by plaintiffs, requires 20 days notice when defendant seeks either to reduce the limits of coverage to the minimum required by State law or to cancel any other coverage to the extent permitted by law, specifically stated to be an alternative to cancellation of the policy. Second, "the non-renewal of a policy which has been in force for at least six months shall not be considered a cancellation or termination" such as to trigger the requirement of notice upon the Commissioner of Motor Vehicles (Vehicle and Traffic Law § 313 [2] [a]; *see,* 15 NYCRR 34.1 [d] [4]; 34.2 [k]). More to the point, "a failure of the insured to make the first premium payment due upon a superseding policy or a renewal of such policy offered by the insurer", precisely the situation present here, is expressly included within the definition of "nonrenewal" (15 NYCRR 34.2 [r]) and, thus, constitutes a termination that *should not* be submitted to the Commissioner (15 NYCRR 34.1 [d]). Third, there is no statutory requirement that a certificate of mailing recite the amount of postage paid *(see,* Vehicle and Traffic Law § 313 [1] [b]) and the Postal Service's postmark endorsement obviates the necessity of a signature by the receiving postal employee *(see, Bullock v Hanover Ins. Co.,* 144 AD2d 416, 417; *Diaz v Great Am. Ins. Co.,* 109 AD2d 775, 776). The parties' remaining contentions are either lacking in merit or have been rendered academic by our determination.

Crew III, Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.