■ SARAH A. FITZSIMONS et al., Respondents, v AUTOMOBILE INSURANCE COMPANY OF HARTFORD, CONNECTICUT, et al., Appellants, et al., Defendant. [633 NYS2d 591] —In an action for a judgment declaring that the defendants the Automobile Insurance Company of Hartford, Connecticut, and the Aetna Insurance Company (hereinafter the carriers) are obligated to defend and indemnify the plaintiffs in connection with three underlying actions to recover damages for personal injuries and injury to property, the carriers appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Hall, J.), dated June 7, 1994, as, upon granting the branches of the plaintiffs' motion which were for summary judgment declaring that the carriers are required to indemnify them for the amounts contributed to settle and defend the underlying actions, made a declaration to that effect, and denied the branches of their cross motion which were for summary judgment declaring that they were not obligated to defend or indemnify the plaintiffs in the underlying actions.

Ordered that the order and judgment is modified by deleting the provisions thereof which granted the branches of the plaintiffs' motion which were for summary judgment declaring that the carriers were obligated to defend and indemnify them in the underlying actions and made the declaration and substituting therefor a provision denying those branches of the plaintiffs' motion; as so modified the order and judgment is affirmed, insofar as appealed from, with costs to the carriers, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings in accordance herewith.

Pursuant to Vehicle and Traffic Law § 313 (2) (a), an insurance company must file a notice of termination with the Commissioner of the Department of Motor Vehicles in order to properly cancel an automobile liability insurance policy. However, the statute further provides that "the non-renewal of a policy which has been in force for at least six months shall not be considered a cancellation or termination", and under those circumstances, the notice requirement would not be triggered *(see, Roebuck v Government Empls. Ins. Co.,* 214 AD2d 930; *Lloyd v Government Empls. Ins. Co.,* 204 AD2d 407). The term "non-renewal" includes the "failure of the insured to make the first premium payment due upon a superseding policy or a renewal of such policy offered by the insurer" (15 NYCRR 34.2 [r]). On appeal, the carriers contend that the rec-

ord establishes as a matter of law that the plaintiff Sarah Fitzsimons failed to make the first premium payment due on a renewal policy effective October 4, 1990, and, accordingly, they were not required to notify the Department of Motor Vehicles of their cancellation of her policy. Upon our review of the record, however, we find that unresolved issues of fact remain as to whether the policy, as amended effective October 4, 1990, falls within the above-quoted exclusionary language, and, if so, whether a $200 credit noted on a bill dated October 10, 1990, reflects a partial payment of premium by the plaintiff which reduced her outstanding balance for the renewal period. Accordingly, we find that the Supreme Court improperly granted summary judgment to the plaintiffs. Bracken, J. P., Rosenblatt, Krausman and Goldstein, JJ., concur.