OPINION OF THE COURT
Edward H. Lehner, J.
The issue presented in this framed issue hearing is whether the failure of an insurer to notify the Department of Motor Vehicles (the Department) that there has been a substitution *75 of vehicles covered by a policy invalidates the cancellation of coverage for the substituted vehicle.
The only witness called at the hearing was a representative of respondent Eagle Insurance Company (Eagle) who testified that on October 28, 1993 the New York Automobile Insurance Plan (the Plan) assigned its coverage of a certain 1987 Ford owned by respondent OKA Service (OKA), but that prior to issuing a policy on the vehicle an agent of OKA came to its office on November 10, 1993 and stated that the Ford was never registered and that OKA desired that coverage be changed to instead insure a certain 1985 Chevrolet. This was done and a policy was issued to OKA for the Chevrolet. However, OKA had in fact registered the Ford, apparently employing a certificate issued by the Plan which showed coverage by Eagle.
In this proceeding petitioner, General Accident Insurance Company, is seeking a stay of the uninsured motorist arbitration sought by its insured, respondent Maxene Jean-Baptiste, the person allegedly injured in an accident with the Ford on January 30, 1994. The only evidence offered by petitioner was a police accident report and a form DP37 issued by the Department showing coverage of the Ford by Eagle under a policy that expired on February 28, 1994.
Eagle acknowledged that it never filed any notice with the Department or any other State agency showing the aforesaid change of coverage, but maintains that Vehicle and Traffic Law § 313 does not require that a notice be filed when there is merely a substitution of vehicles. In support of this position Eagle points to the case of Huertas v Pino (143 Misc 2d 776 [Sup Ct, Kings County 1989]), which so holds.
DISCUSSION
Under facts similar to those presented herein, the Second Department in Matter of Eveready Ins. Co. v Wilson (180 AD2d 796, 797 [1992]), held that "[i]n order to effectively terminate coverage for the [vehicle originally insured] with respect to persons other than the named insured, [the insurer] was required to file a notice of termination” with the Department pursuant to Vehicle and Trafile Law § 313. In that case the Court stated that since the subject accident occurred in April 1983 and thus prior to the July 30, 1983 effective date of the amendments to the Vehicle and Traffic Law contained in chapter 781 of the Laws of 1983, it was "not necessary for us to determine whether the determination in Huertas v Pino (143 Misc 2d 776) was proper”. (Supra.)
*76 Section 3 of chapter 781 of the Laws of 1983 amended subdivision (2) of Vehicle and Traffic Law § 313, in pertinent part, as follows (with material added underlined and deletions in brackets):
"2. (a) Upon the termination of an owner’s policy of liability insurance, other than an owner’s policy of liability insurance for a motorcycle, at the request of the insured or by cancellation by the insurer [or failure to renew, by the insured or by the insurer], the insurer shall file a notice of [such cancellation or other] termination [shall be filed by the insurer] with reference to such policy, as opposed to any insured vehicle or vehicles under such policy, with the commissioner not later than thirty days following the effective date of such cancellation or other termination, in accordance with the regulations required by paragraph (b) of this subdivision * * * An insurer shall not file a notice of termination with the commissioner except as required by this subdivision.”
From this amendment it appears that the requirement for filing a notice of termination is applicable only with respect to a policy "as opposed to any insured vehicle or vehicles under such policy”. Accordingly, I conclude that the filing mandate applied in the Eveready case (supra) is no longer in effect and that a substitution of vehicles under an existing and continuing policy is valid as against third persons without a notice thereof being filed with the Department.
While the amendment would appear to have lessened the ability of the Department to maintain accurate records of mandated insurance coverage, it sought adoption thereof because of its then lack of capacity to maintain adequate records, the Department stating in its legislative memorandum (Mem of State Dept of Motor Vehicles, 1983 McKinney’s Session Laws of NY, at 2683) that the purpose was to "delay the suspension provisions of the financial security law * * * until reporting and programing [sz'c] difficulties can be overcome”, concluding that it was not then "satisfied that the filings being made by insurance companies are accurate and that the procedures used by the department in processing such filings are capable of permitting the administration of the Financial Security Law in such a manner as to effectively accomplish the purposes of the law”. Repeal of this 1983 amendment was contained in the same chapter in which it was adopted, with the repeal, which originally was to be effective as of January 31, 1987, to now take effect on January 31, 1997 (L 1991, ch 319; see also, Lloyd v Government Employees Ins. Co., 204 AD2d *77 407 [2d Dept 1994]; Meutsch v Travelers Ins. Co., 206 AD2d 953 [4th Dept 1994]).
Thus, since the proof at the hearing showed that coverage was not provided by Eagle for the Ford on the date of the accident, and since notice to the Department of a substitution of vehicles insured was not required as of the time of the change, the petition to stay arbitration of the claim for recovery under the uninsured motorist provision of the policy issued by petitioner to Jean-Baptiste is denied, and the parties are directed to proceed to arbitration.