■ Theresa Badagliacca, Respondent, v GEICO General Insurance Company, Appellant. [680 NYS2d 661] —In an action to recover under an insurance policy, the defendant GEICO General Insurance Company appeals from a judgment of the Supreme Court, Suffolk County (Gowan, J.), entered October 7, 1997, which, upon a decision of the same court, dated August

28, 1997, finding that the subject insurance policy was in effect on the date of the accident, is in favor of the plaintiff and against it, and determined that it is responsible for the payment of no-fault benefits to the plaintiff. The notice of appeal from the decision dated August 28, 1997, is deemed to be a premature notice of appeal from the judgment (*see,* CPLR 5520 [c]).

Ordered that the judgment is reversed, on the law, with costs, the decision dated August 28, 1997, is vacated, and the complaint is dismissed.

Contrary to the conclusion reached by the Supreme Court, the defendant, GEICO General Insurance Company (hereinafter GEICO), was not required to provide its insured, Anthony Badagliacca, the father of the plaintiff Theresa Badagliacca, with 45 days notice of non-renewal, nor was it required to file a notice of termination with the Department of Motor Vehicles. Vehicle and Traffic Law § 313 (1) (a), which requires that the insurer give a 45-day "written notice of its intention not to renew", is not applicable here. GEICO sent Badagliacca a renewal quotation that Badagliacca failed to accept when he failed to pay his first renewal premium (*see, Matter of Hanover Ins. Co. [Velez],* 207 AD2d 663). Filing of the notice of termination was also not required since the subject policy had been in force for more than six months (*see,* Vehicle and Traffic Law § 313 [2] [a]; 15 NYCRR 34.1 [d] [4]; 15 NYCRR 34.2 [k], [r]; *see also, Matter of State Farm Mut. Auto. Ins. Co. v Severe,* 210 AD2d 488; *Lloyd v Government Empls. Ins. Co.,* 204 AD2d 407).

GEICO's remaining contentions are without merit. Rosenblatt, J. P., O'Brien, Sullivan, Krausman and Florio, JJ., concur.