■ In the Matter of EVEREADY INSURANCE COMPANY, Appellant, v NICOLE SMITH et al., Respondents. [912 NYS2d 894]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Suffolk County (Jones, Jr., J.), dated April 13, 2010, which, after a framed-issue hearing, denied the petition and dismissed the proceeding.

Ordered that the order is affirmed, with costs.

On July 18, 2006, the respondents Nicole Smith, Heaven Purnell, and Brenda Rouse, allegedly sustained personal injuries as a result of a motor vehicle accident. They served a demand for arbitration on the petitioner, seeking uninsured motor vehicle benefits pursuant to a supplementary uninsured/underinsured motorists endorsement. The petitioner filed the instant petition to permanently stay the arbitration, alleging that the "offending motor vehicle" was insured on the date of the accident, since New York Marine and General Insurance Company (hereinafter New York Marine), the insurer of the offending motor vehicle, did not file a notice of termination regarding the subject liability policy with the Commissioner of the Department of Motor Vehicles (hereinafter the Commissioner).

Contrary to the petitioner's contention, New York Marine was not required to file a notice of termination with the Commissioner. According to the version of Vehicle and Traffic Law § 313 (2) which was in effect on the date of the accident and at the time of the termination of the policy, an insurer was not required to file a notice of termination with the Commissioner due to a nonrenewal of a policy of liability insurance (see Vehicle and Traffic Law former § 313 [2]; see also Lloyd v Government Empls.' Ins. Co., 204 AD2d 407 [1994]). To the extent that the regulation contained in 15 NYCRR 34.3 (a) (4) provides to the contrary, it is inconsistent with the legislative intent of the version of Vehicle and Traffic Law § 313 (2) applicable to this case (see Seittelman v Sabol, 91 NY2d 618, 626-627 [1998]; cf. Raffellini v State Farm Mut. Auto. Ins. Co., 9 NY3d 196 [2007]).

Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding to permanently stay arbitration. Skelos, J.P., Eng, Hall and Lott, JJ., concur.