S. Samuel Di Falco, S.
This is a motion in the pending accounting proceeding for summary judgment on a claim by a physician for $3,000, the balance allegedly due him for medical services. During the last year of this decedent’s life, bills were regularly rendered by the claimant and all charges except $3,000 were paid. The decedent died on April 30, 1955. On May 31 the claimant sent to the “ Estate ” a bill for services from April 1 to April 30 in the sum of $5,000. It is not disputed that on June 6 a check was drawn by the executrix to the order of the claimant bearing this indorsement: ‘ ‘ For professional services Ap. 1st — 30 inclusive — initial payment Balance — $3000.00 ’ ’. This check was accompanied by a letter allegedly written to the physician at the direction of the executrix by a grandnephew of the decedent which says: 1 ‘ Please accept the enclosed check in the amount of two thousand dollars as a part payment of your fee for the care of Miss Isaacs from April 1st thru 30th this year. Due to legal technicalities involved in the ■ liquidation of an estate sufficient funds are not available at present. Additional payments will be made in the future until, our obligation is satisfied.”
The balance of the physician’s bill was not paid, and the claimant filed a formal claim for ‘ ‘ the balance due deponent for medical services rendered to decedent by deponent during the period from April 1,1958 to April 30,1958. ’ ’ The executrix formally rejected that claim. She lists it in the pending account as having been rejected for the following reasons:
1 ‘ Decedent, at the time of her death, was 95 years old. The claimant had been attending her at her home for over two (2) years prior to her death on April 30,1958. During the preceding months the claimant charged $10 per visit before 5:00 p.m. and $20 after 5:00 p.m. and $25 for cardiogram. The following are the bills for the last twelve (12) months —
May 1st for April $150.00
June 1st ” May 160.00
July 1st ” June 170.00
August 1st ” July 190.00
Sept. 1st ” August 200.00
*129 Oct. 1st 9 9 September 210.00
November 1st 99 October 140.00
December 1st 99 November 190.00
January 1st 1958 99 December 190.00
February 1st 99 January 220.00
March 1st 99 February 300.00
April 1st 99 March 950.00
May 1st 99 April 5,000.00
The sum of $3,000 was rejected as unjust and unreasonable for the necessary professional services rendered to a 95 year old patient during the last months of her life. ’ ’
The moving party asserts that the check and the covering letter establish ‘1 a clear and binding account stated in the sum of $5,000. of which $3,000. still remains unpaid. The existence of an account stated precludes inquiry into the transactions which underlie the account stated, and in such circumstances no issue of fact exists requiring a trial herein.”
The sole executrix, who was the decedent’s niece, is a legatee of one half of the residuary estate. The grandnephew mentioned above and a grandniece each take a one-fourth share of the residue.
The duty of executors with respect to the allowance and payment of claims, is clear. “ They are * * * bound to the exercise of proper care. They must act on satisfactory proofs that the claim is justly due. (Surrogate’s Court Act, § 207.) What is satisfactory proof depends upon the nature of the claim. If its nature is equivocal or suspicious, payment may be withheld until the claim is tried. (Surrogate’s Court Act, § 211.) ” (Matter of Taylor, 251 N. Y. 257, 262.) If an executor “ negligently ” pays a claim that is not justly due and payable, he will be held personally accountable to the persons interested in the estate. (Surrogate’s Ct. Act, § 210.) It will be noted that in addition to the executrix-beneficiary, there are two other residuary legatees. One of them had no part whatever in these transactions and under no conceivable theory can be regarded as assenting to such a claim as this.
An account stated is “ a promise by a debtor to pay a stated sum of money which the parties had agreed upon as the amount due.” (6 Williston, Contracts [rev. ed.], p. 5227.) The Appellate Division has said that “ The personal representatives of a deceased person may create an account stated which is binding upon them personally with respect to transactions in which *130 they had engaged. They cannot, however, create an account stated so as to bind the estate of their deceased with respect to transactions in which the deceased himself had engaged during his lifetime.” (Matter of Lopez, 274 App. Div. 819.) The whole tenor of section 210 of the Surrogate’s Court Act supports this declaration of principle. Even in cases where an account stated may have been found to exist, it is open to attack on several grounds, including fraud and mistake. (Williston, op. cit., § 1864; Bestatement, Contracts, § 422, Comment /.)
The executrix received a bill from the physician a very short time after the issuance of letters testamentary, and she honored it without questioning its validity or reasonableness. Whether or not she acted without advice of counsel does not appear. However, in view of the amount of the claim and all of the surrounding circumstances, the executrix was clearly justified in reviewing her initial action and in requiring the claim to be submitted to the court on her accounting. Indeed, her duty to beneficiaries and her right to protect herself against surcharge may have required resort to the court.
A creditor whose claim has been rejected and so reported in the account ought certainly to be in no better position than one whose claim had been reported as allowed. If the executrix had formally allowed this claim, any interested person could challenge that action, and if found to have been ‘ ‘ negligently allowed ”, the claim must be deemed to have been rejected as of the time of the judicial finding that it had been negligently allowed. (§ 210.) The claimant would now have this court declare the rejected claim to have been unalterably allowed despite the rejection stated in the account, and direct its payment without giving the beneficiaries any notice or opportunity to protect their interests. Such a course of procedure would be contrary to the terms of the Surrogate’s Court Act, and would frustrate the legislative plan for the protection of the interests of estate fiduciaries. The entire matter should be heard by the court and all parties afforded an opportunity to submit all relevant facts. The motion is denied.