■ In the Matter of PRUDENTIAL PROPERTY & CASUALTY INSURANCE COMPANY, Respondent. JUDITH PACENZA, Respondent-Respondent, and SENTRY INSURANCE COMPANY, Appellant.—In a proceeding pursuant to CPLR 7503 (c) to permanently stay arbitration of an uninsured motorist claim, the appeal is from a judgment of the Supreme Court, Orange County (Wood, J.), dated November 2, 1984, which, after a hearing, granted the petitioner's application for a stay of arbitration and directed the respondent Sentry Insurance Company to defend and indemnify its insureds in an action brought by the respondent Judith Pacenza and Richard Pacenza against them.

Judgment affirmed, with costs.

On October 25, 1982, the respondent Judith Pacenza was involved in an accident with an automobile owned by Maureen Roche. After the appellant Sentry Insurance Company (hereinafter Sentry) denied Judith Pacenza coverage under the policy procured by Maureen Roche on the ground that it had been canceled prior to the date of the accident, Pacenza made a claim under the uninsured motorist provisions of her own policy with Prudential Property & Casualty Insurance Company (hereinafter Prudential), and on July 13, 1983, a demand for arbitration was served on Prudential.

Thereafter, Prudential commenced this proceeding to stay arbitration, alleging that on the date of the accident, the Roche vehicle was in fact insured by Sentry. Pursuant to an order dated September 21, 1983 (Rubenfeld, J.), a hearing was held on the issue of whether the Roche vehicle was uninsured on the date of the accident. Following this hearing, Trial Term found that on the date of the accident, Sentry's policy on the Roche vehicle, a 1979 Chrysler, was in full force and effect.

At the hearing, Prudential met its burden of demonstrating that a Sentry policy had been issued for the Roche vehicle,

and that, when issued, the policy had an expiration date beyond the date of the accident *(see, Matter of American Sec. Ins. Co. [Novoa], 97 AD2d 541; see also, Matter of Utica Mut. Ins. Co. [Bodie—Nationwide Mut. Ins. Co.], 100 AD2d 592; Matter of State Farm Mut. Auto Ins. Co. v Yeglinski, 79 AD2d 1029).* The parties stipulated to this fact, which was further substantiated by the production of a Department of Motor Vehicles form FS-21 (a temporary insurance identification card) and a copy of the policy's declarations page, both of which by their terms became effective on September 3, 1982. At this point the burden shifted to Sentry, which was seeking to show no coverage, to come forward with proof that it had validly canceled the policy prior to the date of the accident *(see, Matter of American Sec. Ins. Co. [Novoa], supra).*

Although the parties stipulated that "[o]n August 24, 1982, Sentry mailed to Mrs. Roche a proper notice of cancellation for non-payment of premium, effective September 13, 1982", there was no stipulation that a notice of cancellation was issued which would be valid against third parties, including the respondent Judith Pacenza. In fact, Sentry failed to establish that a cancellation effective against the Pacenzas occurred prior to October 25, 1982, the date of the accident, because Sentry presented no evidence of compliance with the then applicable provisions of the Vehicle and Traffic Law which provided that "a cancellation or termination [of insurance] shall not be effective with respect to persons other than the named insured or members of the insured's household until the insurer has filed a notice thereof with the commissioner * * * except that notice filed with the commissioner within the thirty day period [of the effective date of such cancellation] * * * shall be effective as of the date certified therein" (Vehicle and Traffic Law former § 313 [3], L 1981, ch 569). Even if Sentry had met its burden, Prudential presented sufficient proof demonstrating that the policy was reinstated on the same day that it was canceled, with no lapse in coverage. Mollen, P. J., Thompson, Rubin and Lawrence, JJ., concur.