■ GARY BULLOCK, Respondent, v HANOVER INSURANCE COMPANY, Respondent, and GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant, et al., Defendants.—In an action for a judgment declaring whether the Hanover Insurance Company is obligated to defend and indemnify with respect to an accident involving the plaintiff on January 19, 1986, or whether Government Employees Insurance Company should proceed to arbitration pursuant to an uninsured motorist endorsement, Government Employees Insurance Company appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Dowd, J.), dated March 28, 1988, which, after a nonjury trial, dismissed the plaintiff's complaint as against the defendant Hanover Insurance Company and directed the Government Employees Insurance Company to proceed to arbitration on the plaintiff's claim pursuant to the terms of the uninsured motorist endorsement in its policy of automobile insurance.

Ordered that the order and judgment is modified, on the law, by adding thereto a provision declaring that the policy of automobile insurance issued by Hanover Insurance Company was validly canceled prior to the date of the accident and that it is not obligated to defend or indemnify the insured with respect to suits arising therefrom; as so modified, the order

and judgment is affirmed, with one bill of costs payable to the defendant-respondent.

Contrary to the contention of the Government Employees Insurance Company (hereinafter GEICO), the evidence adduced by Hanover Insurance Company (hereinafter Hanover) at trial, including a copy of a certificate of mailing endorsed by the postal service, adequately demonstrated that Hanover properly mailed a notice of cancellation of insurance coverage to its insured (see, Vehicle and Traffic Law § 313 [1] [a]; *Matter of Lumbermens Mut. Cas. Co. v Medina,* 114 AD2d 959; *Diaz v Great Am. Ins. Co.,* 109 AD2d 775). The admission of the copy of the certificate of mailing and the specimen notice of cancellation into evidence was not erroneous, as a Hanover employee identified the documents, explained the customary procedure whereby such documents were placed on microfiche for record-keeping purposes, and described Hanover's regular practice regarding the contents and mailing of notices of cancellation (*cf., Matter of Peerless Ins. Co. v Milloul,* 140 AD2d 346). Additionally, we find that the common-law proof presented by Hanover with regard to its office practice also sufficed to establish that the notice of cancellation was properly mailed (see, *Nassau Ins. Co. v Murray,* 46 NY2d 828; *Matter of State Farm Mut. Auto. Ins. Co. v Yung Shik Na,* 123 AD2d 873).

Moreover, we find that the evidence in the record amply supports the trial court's findings that the notice of cancellation mailed to the insured conformed to statutory requirements (see, Vehicle and Traffic Law § 313 [1] [a]) and was properly filed with the Commissioner of Motor Vehicles. Accordingly, we have modified the order and judgment to declare that Hanover validly canceled the policy of insurance it issued to its insured prior to the date of the automobile collision in which the plaintiff was injured. Thompson, J. P., Bracken, Brown and Sullivan, JJ., concur.