■ In the Matter of GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant, v LEONIDE BARTHOLD et al., Respondents. [599 NYS2d 610] —In a proceeding to stay arbitration of an uninsured motorist claim, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Roncallo, J.),

dated April 25, 1991, which dismissed the petition and directed the parties to proceed to arbitration.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

The petitioner carrier seeks to stay an arbitration demanded by its insureds, Leonide and Jean Barthold, pursuant to an uninsured motorist endorsement. The insureds claim that they suffered personal injuries as the result of a collision with a vehicle which was owned by Antoinette Odierna and which had been insured by Worldwide Underwriters Insurance Company (hereinafter Worldwide). The petitioner now seeks to stay arbitration, alleging that Worldwide's cancellation of its policy on the Odierna vehicle was ineffective because the notice of cancellation was not filed with the New York State Department of Motor Vehicles (see, Vehicle and Traffic Law § 313 [2], [3]; *Matter of Eveready Ins. Co. v Wilson,* 180 AD2d 796; *Bullock v Hanover Ins. Co.,* 144 AD2d 416; *Matter of Prudential Prop. & Cas. Ins. Co.,* 120 AD2d 736).

In an earlier order (Burke, J.), dated October 4, 1990, the parties were directed to proceed to a hearing on whether the notice of cancellation was valid. However, at a subsequent conference, the court (Roncallo, J.) was presented with certain documents, including a "filing report" certified as a true copy of a record maintained by the New York State Department of Motor Vehicles. The court concluded that these documents proved, as a matter of law, that Worldwide's notice of cancellation had been properly filed.

We have examined the documents in question, as well as the remaining evidence on the record, and find that competent proof of the timely filing of Worldwide's notice of cancellation is lacking. It is impossible to interpret the meaning of the official documents relied upon most heavily by Worldwide without the testimony of a witness familiar with such documents. There should, therefore, be a hearing, as directed in the earlier order dated October 4, 1990.

We have examined the petitioner's remaining contention and find it to be without merit. Thompson, J. P., Bracken, Balletta and Eiber, JJ., concur.