■ In the Matter of the Arbitration between LIBERTY MUTUAL INSURANCE COMPANY, Appellant, and KEVIN MORRISSEY et al., Respondents. [610 NYS2d 224] —Order, Supreme Court, Suffolk County (Patrick Henry, J.), entered June 2, 1992, which denied, after a hearing, petitioner's application to stay uninsured motorist arbitration demanded by respondent Kevin Morrissey, unanimously affirmed, with costs.

Claiming that the offending vehicle was uninsured at the time of the accident, Morrissey served a demand for arbitration under the uninsured motorist clause of his policy with petitioner. Petitioner moved for an order pursuant to CPLR article 75 staying the arbitration on the ground, *inter alia,* that the other vehicle was insured by Allstate. Contrary to petitioner's contention, after a hearing the IAS Court properly found that Allstate established that it sent notification of cancellation of the offending vehicle's insurance policy to the Department of Motor Vehicles (DMV) within 30 days of the effective date of cancellation pursuant to Vehicle and Traffic Law § 313 (2). The testimony of Allstate's policy underwriter demonstrated that the cancellations were automatically generated every day by the computer on a magnetic tape, compiled, and sent to the DMV every Monday by overnight delivery. Moreover, it was Allstate's practice to retain receipts corroborating the fact that the magnetic tapes were filed with the DMV. Thus, there is proof of an office practice and procedure followed by Allstate in the regular course of business which raises the presumption that the notices were received by the Commissioner of Motor Vehicles *(Nassau Ins. Co. v Murray,* 46 NY2d 828). In addition, there was no indication that the practice regarding the magnetic tapes was not followed or was "so careless that it would be unreasonable to assume that the notice was mailed" *(supra,* at 830).

We have considered petitioner's other claims and find them without merit. Concur—Rosenberger, J. P., Ellerin, Kupferman, Ross and Rubin, JJ.