■ In the Matter of LIBERTY MUTUAL INSURANCE COMPANY, Appellant, v JOANNE VIDALE, Respondent, et al., Respondents. [615 NYS2d 922] —In a proceeding pursuant to CPLR 7503 (b) to stay arbitration of an uninsured motorists claim, the petitioner Liberty Mutual Insurance Company appeals from an order of the Supreme Court, Kings County (Cannizzaro, J.H.O.), dated September 8, 1992, which, after a hearing, vacated a temporary stay of arbitration and directed the parties to proceed to arbitration.

Ordered that the order is affirmed, with costs.

On June 1, 1991, Joanne Vidale, while a passenger in a vehicle insured by the petitioner Liberty Mutual Insurance Company (hereinafter Liberty), allegedly sustained personal injuries in an accident with a second vehicle purportedly insured by Aetna Casualty and Surety Co. (hereinafter Aetna). Vidale filed a claim for uninsured motorists benefits under the Liberty policy after Aetna disclaimed coverage on the second vehicle on the ground that its policy had been canceled on May 16, 1991.

Liberty commenced the instant proceeding to stay arbitration of Vidale's uninsured motorists claim, contending that Aetna had not effectively filed notice of cancellation with the New York State Department of Motor Vehicles as required by Vehicle and Traffic Law § 313. After conducting a hearing, the Supreme Court determined that notice of cancellation was properly filed, and directed arbitration to proceed. We now affirm.

In order to effectively cancel an owner's policy of liability insurance as to third parties, an insurer must file notice of termination with the New York State Department of Motor Vehicles in accordance with the commissioner's regulations, no later than 30 days after the effective date of cancellation (see, Vehicle and Traffic Law § 313 [2] [a]; [3]; *Matter of Prudential Prop. & Cas. Ins. Co.,* 120 AD2d 736; *Matter of Government Empls. Ins. Co. v Barthold,* 194 AD2d 724, 725). Here, the evidence established that Aetna sent notice of cancellation of its policy on June 10, 1991, within the required time period. This notice was designated as "DISPOSITION-U" by the New York State Department of Motor Vehicles. According to 15 NYCRR 34.2, 34.7 (j) (2), and (o), "DISPOSITION-U" means that the submission was treated as an "unresolved no-hit exception" and constitutes a proper and effective filing. Therefore, Aetna met its burden of proving that its policy was validly canceled (see, *Bullock v Hanover Ins. Co.,* 144 AD2d 416, 417; *Matter of Liberty Mut. Ins. Co. [Morrissey],* 203 AD2d 93), and the Supreme Court correctly determined that Vidale's uninsured motorists claim should proceed to arbitration. Ritter, J. P., Pizzuto, Santucci and Altman, JJ., concur.