■ In the Matter of MERCHANTS & BUSINESS MEN'S MUTUAL INSURANCE COMPANY, Appellant, v ERLANDO WILLIAMS et al., Respondents. [744 NYS2d 698] —In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motor vehicle claim, the petitioner appeals from an order of the Supreme Court, Suffolk County (Floyd, J.), dated May 1, 2001, which denied the petition and dismissed the proceeding.

Ordered that the order is reversed, on the law, with costs, the petition is granted, and the arbitration is stayed.

Pursuant to the provisions of Vehicle and Traffic Law § 313 in effect at the time of the purported cancellation of a policy of insurance providing coverage to Mary L. Diakite (*see* Vehicle and Traffic Law § 313 [2] [a]; [3]), the Providence Washington Insurance Company (hereinafter Providence) was required to file a notice of cancellation with the Commissioner of the Department of Motor Vehicles. Having failed to do so, the termination of coverage by Providence was not effective with respect to the claim made by Erlando Williams arising out of the accident on January 18, 1999 (*see Liberty Mut. Ins. Co. v Bethel,* 207 AD2d 449). Moreover, a notice of cancellation is ineffective unless in strict compliance with the requirements of Vehicle and Traffic Law § 313 (1) (a) (*see American Home Assur. Co. v Chin,* 269 AD2d 24, 27; *see generally Barile v Kavanaugh,* 67 NY2d 392, 399). Here, among other things, Providence failed to afford Diakite the required 20 days notice of termination prior to the purported cancellation on September 28, 1998 (*see* Vehicle and Traffic Law § 313 [1] [a]). Therefore, because the notice of cancellation was ineffective, the policy continued in effect on the date of the accident. Accordingly, the petition to stay arbitration under the uninsured motorist provision of the policy of the petitioner Merchants & Business Men's Mutual Insurance Company should have been granted (*see Liberty Mut. Ins. Co. v Bethel,* 207 AD2d 449; *American Home Assur. Co. v Chin,* 269 AD2d 24). Florio, J.P., Smith, Friedmann and Townes, JJ., concur.