■ In the Matter of AIU INSURANCE COMPANY, Respondent, v JENNIFER MENSAH, Respondent. KAZIMIERZ KREFT, Proposed Additional Respondent; UTICA MUTUAL INSURANCE COMPANY, Proposed Additional Appellant. [762 NYS2d 898] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, Utica Mutual Insurance Company appeals from an order of the Supreme

Court, Queens County (Thomas, J.), dated April 29, 2002, which granted the petition and permanently stayed arbitration.

Ordered that the order is affirmed, with one bill of costs.

Pursuant to the provisions of Vehicle and Traffic Law § 313 in effect at the time of the purported cancellation of a policy of insurance providing coverage to Kazimierz Kreft (*see* Vehicle and Traffic Law § 313 [2] [a]; [3]), Utica Mutual Insurance Company (hereinafter Utica) was required to file a notice of cancellation with the Commissioner of the New York State Department of Motor Vehicles. The record provides no proof that Utica complied with this provision, and thus, the termination of coverage by Utica was ineffective with respect to the claim made by Jennifer Mensah arising out of an automobile accident which occurred on October 22, 2000 (*see* Vehicle and Traffic Law § 313 [2] [a]; *Matter of Merchants & Bus. Men's Mut. Ins. Co. v Williams,* 295 AD2d 614, 615 [2002]; *Matter of Liberty Mut. Ins. Co. v Bethel,* 207 AD2d 449 [1994]). Furthermore, an ineffective notice of cancellation will cause the policy to continue in force after its stated expiration date (*see Matter of American Home Assur. Co. v Chin,* 269 AD2d 24 [2000]). Accordingly, the Supreme Court properly granted the petition to stay arbitration pursuant to the uninsured motorist provision of the policy issued by the petitioner, AIU Insurance Company (*see Matter of Liberty Mut. Ins. Co. v Bethel, supra).* Santucci, J.P., McGinity, Townes and Mastro, JJ., concur.