In the Matter of PROGRESSIVE NORTHERN INSURANCE COMPANY, Appellant, v KENNETH WHITE, Respondent. NATIONWIDE MUTUAL INSURANCE COMPANY et al., Proposed Additional Respondents. [808 NYS2d 108]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, the petitioner appeals from an order of the Supreme Court, Kings County (Marano, J.H.O.), dated November 1, 2004, which, after a hearing, denied the petition and dismissed the proceeding.

Ordered that the order is reversed, on the law, with costs, the petition is granted, and the arbitration is permanently stayed.

On October 6, 2000, Nationwide Mutual Insurance Company (hereinafter Nationwide) cancelled the automobile insurance policy of the proposed additional respondent Percival W. Plummer for nonpayment of the premium. Nationwide never notified the Department of Motor Vehicles (hereinafter the DMV) of the cancellation. On October 10, 2000, Plummer was involved in an automobile accident when the car he was driving collided with an automobile driven by nonparty Caesandra Velazquez. After the accident, Kenneth White, a passenger in Velazquez's car, sought arbitration of his claim for uninsured motorist benefits

from Progressive Northern Insurance Company (hereinafter Progressive), Velazquez's insurer. Progressive commenced this proceeding pursuant to CPLR article 75 to permanently stay arbitration on the ground that Nationwide's purported cancellation was defective and therefore, ineffective with respect to Kenneth White's claim.

Vehicle and Traffic Law § 313 governs the procedures which an insurance carrier must follow in order to properly cancel an automobile insurance policy. Cancellation will be ineffective against third parties unless there is strict compliance with the cancellation requirements of Vehicle and Traffic Law § 313 (see *Matter of Material Damage Adj. Corp. v King,* 1 AD3d 439 [2003]; *Matter of Progressive Northeastern Ins. Co. v Robbins,* 279 AD2d 631 [2001]). Vehicle and Traffic Law § 313 (2) (a) requires an insurance carrier to file with the Commissioner of Motor Vehicles a notice of cancellation within 30 days of the cancellation of an automobile insurance policy (see Vehicle and Traffic Law § 313 [2] [a]). Failure to comply with this provision results in invalid termination of coverage as to third parties (see *Matter of Chubb Group of Ins. Cos. v Williams,* 14 AD3d 561 [2005]; *Matter of AIU Ins. Co. v Mensah,* 307 AD2d 921, 922 [2003]; *Matter of Merchants & Bus. Men's Mut. Ins. Co. v Williams,* 295 AD2d 614, 615 [2002]).

Pursuant to certain regulations issued by the DMV, a period existed from May 19, 2000, through September 12, 2000, when electronic transmission of policy cancellations to the DMV was not required (hereinafter the blackout period) during the DMV's conversion to a new electronic reporting system (see 15 NYCRR 34.4 [b]; 34.5 [c]; 34.7 [a]; *Matter of Chubb Group of Ins. Cos. v Williams,* 14 AD3d 561 [2005]). However, if an insurance company failed to complete the initial load of its New York State automobile policyholders into the new system between June 12, 2000, and September 12, 2000, that insurance company would not be relieved "of any ongoing reporting requirement" (15 NYCRR 34.13 [d]). Since Nationwide purportedly cancelled the subject insurance policy on October 6, 2000, and since it did not complete its initial load into the new system until November 27, 2000, such cancellation was not in compliance with the blackout period established in the regulations and Nationwide was still required to report cancellations occurring after September 12, 2000. Therefore, the termination of coverage by Nationwide did not strictly comply with Vehicle and Traffic Law § 313 and was ineffective with respect to the claim made by Kenneth White. Accordingly, the Supreme Court erred in denying the petition to permanently stay arbitration. Cozier, J.P., Ritter, Spolzino and Lunn, JJ., concur.