■ In the Matter of PROGRESSIVE NORTHEASTERN INSURANCE COMPANY, Respondent, v JAMES BARNES, JR., Respondent. STATE FARM INSURANCE COMPANY, Proposed Additional Appellant, et al., Proposed Additional Respondent. [817 NYS2d 120]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, State Farm Insurance Company appeals from (1) an order of the Supreme Court, Dutchess County (Brands, J.), dated June 3, 2005, which, after a framed issue hearing, granted the petition, and (2) an order of the same court dated October 5, 2005, which denied its motion for leave to renew and reargue.

Ordered that the appeal from so much of the order dated October 5, 2005 as denied that branch of the motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated June 3, 2005 is affirmed; and it is further,

Ordered that the order dated October 5, 2005 is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to Progressive Northeastern Insurance Company.

Pursuant to Vehicle and Traffic Law § 313 (2) (a), State Farm Insurance Company (hereinafter State Farm) was required to file a notice of cancellation with the Commissioner of the Department of Motor Vehicles no later than 30 days following June 17, 2002, the effective cancellation date of the policy it issued to Guy F. DeSantis, also known as Gaetano F. DeSantis. Failure to strictly comply with this provision results in invalid termination of coverage as to third parties (*see* Vehicle and Traffic Law § 313 [3]; *Matter of Progressive N. Ins. Co. v White*, 23 AD3d 477, 478 [2005]). State Farm did not comply with Vehicle and Traffic Law § 313 (2) (a) and, therefore, the termination of coverage was not effective with respect to the claim made by James Barnes, Jr., arising out of a May 31, 2004 accident (*see Matter of Chubb Group of Ins. Cos. v Williams*, 14 AD3d 561, 562 [2005]; *Matter of Material Damage Adj. Corp. v King*, 1 AD3d 439, 440 [2003]; *cf. Matter of Rosenberg v Colonial Penn Ins. Co.*, 274 AD2d 520 [2000]). Accordingly, the Supreme Court properly granted the petition to permanently stay arbitration pursuant to the uninsured motorist provision of the policy issued by Progressive Northeastern Insurance Company. Adams, J.P., Santucci, Lunn and Dillon, JJ., concur.