OPINION OF THE COURT
Geoffrey J. O’Connell, J.
*431 Following a framed issue hearing the court is called upon to determine whether an automobile insurance policy issued by additional respondent Liberty Mutual Insurance Company was effectively cancelled when the notice of cancellation was sent to a deceased insured rather than to the representative of her estate who had notified the insurance company of the death.
Findings of Fact
The facts are undisputed. According to Liberty Mutual’s records, on April 9, 2003 Bernetha Jeffrey’s nephew, Bernard Coachman, informed a Liberty Mutual sales representative that his aunt, to whom Liberty Mutual had issued an automobile insurance policy, had died and that he was the executor of her estate. Mr. Coachman further advised that Marie Mitchell, a cousin, was driving the vehicle and would be contacting the insurance company to be added to the automobile policy as an additional operator until the estate was settled.
That same day Marie Mitchell did in fact call. Mr. Coachman and Ms. Mitchell were informed that the existing policy would have to be cancelled and a new policy issued to Ms. Mitchell. Liberty Mutual requested that it be sent a copy of the death certificate and Ms. Mitchell was told that she should send a cancellation request and turn in the license plates. On April 10, 2003 Liberty Mutual changed its records to reflect that the named insured was “The Estate of Bernetha Jeffrey.”
The term of the Liberty Mutual policy issued to Bernetha Jeffrey ended on June 11, 2003 and listed her address as 120 45 199th Street, St. Albans, New York 11412. Liberty Mutual issued a “renewal” policy to the named insured “The Estate of Bernetha Jeffrey” at the same address with an effective date of June 11, 2003. A bill seeking payment in full of $305.95 or a down payment of $176.80 was issued on May 12, 2003. No payment was received. A notice of cancellation effective July 27, 2003 was issued on July 7, 2003 and mailed to Bernetha Jeffrey at the address listed on the policy.
The Liberty Mutual policy contains the following pertinent provision: “[I]f a named insured dies, coverage will be provided for ... 2. The legal representative of the deceased person as if a named insured .... This applies only with respect to the representative’s legal responsibility to maintain or use ‘your covered auto.’ ”
On August 8, 2003 Marie Mitchell was involved in an automobile accident while operating the vehicle still registered to and titled in the name of Bernetha Jeffrey.
*432 Discussion
Section 313 (1) (a) of the Vehicle and Traffic Law requires that to be effective a notice of termination must be mailed, “to the named insured at the address shown on the policy ... by regular mail.” “Cancellation will be ineffective against third parties unless there is strict compliance with the cancellation requirements of Vehicle and Traffic Law § 313.” (Matter of Progressive N. Ins. Co. v White, 23 AD3d 477, 478 [2d Dept 2005] [citations omitted].) Here the cancellation notice was mailed to the address listed on the policy. (See, Brelsford v USAA, 289 AD2d 847 [3d Dept 2001].) The only question is whether it was defective because the addressee was “Bernetha Jeffrey” and not “The Estate of Bernetha Jeffrey.”
The court finds that the cancellation notice addressed to “Bernetha Jeffrey” and mailed to the address on the policy was sufficient. If Mr. Coachman was in fact the executor of Bernetha Jeffrey’s estate as he represented, then he was under a duty to act upon potential claims against the estate of which he had knowledge or notice whether or not a formal claim had been presented. (See, SCPA 1809; Matter of Isaacs, 34 Misc 2d 127, 129 [Sur Ct, NY County 1962].) Mr. Coachman was aware that the vehicle existed and that it was insured by Liberty Mutual. His duties as executor would cause him to open mail addressed to Bernetha Jeffrey particularly if identified as having been sent by Liberty Mutual. Moreover, he was not authorized as a “survivor” under the policy to permit Ms. Mitchell to operate the vehicle. She was not listed on the policy as an operator. According to the uncontroverted evidence, Mr. Coachman was informed of measures necessary to relieve the estate of potential liability with respect to the automobile. Liberty Mutual endeavored to communicate with him at the address he had given it.