(December 18, 2007)

■ In the Matter of PROGRESSIVE CLASSIC INSURANCE COMPANY, Appellant, v JASON L. KITCHEN et al., Respondents, and NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Respondent. [850 NYS2d 1]—

Order, Supreme Court, Bronx County (John A. Barone, J.), entered on or about September 20, 2006, which, after a framed-issue hearing, denied petitioner insurer's application to stay an uninsured motorist arbitration upon a finding that additional respondent insurer (Central Mutual) had effectively cancelled its policy on the offending vehicle, unanimously reversed, on the law, without costs, and the petition to stay arbitration granted.

While Central Mutual established that it mailed the two underwriting information request letters required by the New York State Assigned Risk Plan as a condition to cancellation pursuant to Vehicle and Traffic Law § 313 (New York Automobile Insurance Plan Manual § 18 [2] [9] [b] [Apr. 1, 2004 distribution]), it failed to establish that, as required by Vehicle and Traffic Law § 313 (2) (a), it filed a copy of the notice of cancellation with the Department of Motor Vehicles within 30 days of the effective date of the cancellation. In the latter regard, Central Mutual relied on a copy of an "insurance activity expansion" it had downloaded from the Department of Motor Vehicles' Web site. The copy was not certified pursuant to CPLR 4518 (c), and Central Mutual did not attempt to prove at the hearing its office procedures, if any, for transmitting notices of cancellation to the Department of Motor Vehicles. Thus, there is no proof of an office practice and procedure followed by Central Mutual in the regular course of its business such as might raise a presumption that its notice of cancellation relating to the offending vehicle was received by the Department of Motor Vehicles within 30 days of the cancellation (*cf. Matter of Liberty Mut. Ins. Co. [Morrissey]*, 203 AD2d 93 [1994]). Nor does the face of the expansion plainly indicate when the notice of cancellation was received by

the Department of Motor Vehicles.* Accordingly, the expansion should not have been received as evidence of a section 313 cancellation unless so patently trustworthy in that respect as to be self-authenticating, which it is not (*cf. Elkaim v Elkaim*, 176 AD2d 116 [1991], *appeal dismissed* 78 NY2d 1072 [1991]). Central Mutual's failure to show that it had timely filed the notice of cancellation renders the cancellation ineffective as against persons other than the named insured and members of the latter's household (Vehicle and Traffic Law § 313 [3]; *see Matter of Progressive Northeastern Ins. Co. v Barnes*, 30 AD3d 523 [2006]). Concur—Lippman, P.J., Mazzarelli, Marlow, Buckley and Malone, JJ.

Reargument granted and, upon reargument, the decision and order of this Court entered on June 28, 2007 (41 AD3d 340 [2007]) recalled and vacated and a new decision and order substituted therefor; leave to appeal to the Court of Appeals denied; cross motion denied.

* In pertinent part, i.e., insofar as it appears to relate to cancellation, the document states: "TODAY'S DATE IS 02/03/06 . . . REF: 683697705146 . . . ACTIVITY: CANCELLATION . . . EFF DATE 05/18/2005 [this is about three weeks before the accident] . . . INS: 240 NY CENT MUT FIRE INS CO ... POL#: T582722 [this reflects the policy in question] . . . SUB/SENT: 05/25/2005 . . . SOURCE: EDI . . . REASON: NONE . . . DOC ID: NONE."