In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Kurtz, Ref.), dated April 27, 2011, as, after a hearing, denied the petition and directed the parties to proceed to arbitration.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, the petition is granted, and the arbitration is permanently stayed.
On April 13, 2009, a vehicle insured by Government Employees Insurance Company (hereinafter GEICO), was involved in a collision with a vehicle owned by Altagrace Gaspard, and allegedly insured at that time by Allstate Indemnity Company (hereinafter Allstate). As a result of the accident, Joan Phillip, a passenger in the GEICO vehicle, allegedly sustained personal injuries. Allstate claimed that it had cancelled Gaspard’s policy of insurance in April 2005, and GEICO commenced this proceeding to permanently stay arbitration of Phillip’s claim for uninsured motorist benefits under the GEICO policy. After a framed-issue hearing on whether Allstate had properly terminated coverage prior to the accident date, the Supreme Court denied the petition, and directed the parties to proceed to arbitration. GEICO appeals and we reverse.
Allstate concedes that GEICO made a prima facie showing at the hearing that Allstate had issued a policy of insurance that was in existence at the time of the accident. As a result, the burden then shifted to Allstate to establish that it had validly cancelled the subject policy prior to the accident date (see Matter of Mercury Ins. Group v Ocana, 46 AD3d 561 [2007]). Vehicle and Traffic Law § 313 governs the procedures which an insurance carrier must follow in order to properly cancel an *617 automobile insurance policy. Vehicle and Traffic Law § 313 (2) (a) requires an insurance carrier to file with the Commissioner of Motor Vehicles a notice of cancellation within 30 days after the cancellation of an automobile insurance policy. Failure to strictly comply with this provision results in the termination of coverage being invalid as to third parties (see Matter of Progressive Northeastern Ins. Co. v Barnes, 30 AD3d 523 [2006]; Matter of Progressive N. Ins. Co. v White, 23 AD3d 477 [2005]). The evidence adduced at the hearing did not demonstrate that Allstate complied with this provision when it terminated Gaspard’s policy. Thus, the termination of coverage by Allstate was not effective with respect to the claim made by Phillip arising out of the April 13, 2009, accident (see Matter of Chubb Group of Ins. Cos. v Williams, 14 AD3d 561 [2005]). Accordingly, the petition to permanently stay arbitration pursuant to the uninsured motorist provisions of the GEICO policy should have been granted.
In light of our determination, GEICO’s remaining contention has been rendered academic. Dillon, J.P., Belen, Austin and Sgroi, JJ., concur.