OPINION OF THE COURT
 

 Memorandum.
 

 Ordered that the order is modified by providing that defendant’s cross motion for summary judgment dismissing the complaint is denied; as so modified, the order is affirmed, without costs.
 

 In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment, and defendant cross-moved for summary judgment dismissing the complaint on the ground that the insurance policy covering the vehicle allegedly involved in the March 26, 2010 motor vehicle accident had been terminated on March 16, 2010, prior to the accident. Plaintiff appeals from an order of the Civil Court which granted defendant’s cross motion for summary judgment dismissing the complaint and implicitly denied plaintiff’s motion for summary judgment.
 

 In support of its cross motion, defendant submitted its senior field support representative’s affidavit accompanied by documents which, together, demonstrated that, on December 17, 2009, in compliance with Vehicle and Traffic Law § 313 (1), defendant had mailed a letter to the policyholder notifying it that, due to “missing information or no response to our underwriting inquiry,” the policy would terminate on March 16, 2010. However, although the affidavit referred to an an
 
 *48
 
 nexed document purportedly showing a record of defendant’s March 17, 2010 notification to the Department of Motor Vehicles (DMV) of defendant’s March 16, 2010 termination of the policy, these submissions did not conclusively establish, as a matter of law, that defendant’s notice of termination had been properly filed with the DMV
 
 (see e.g. Matter of Government Empls. Ins. Co. v Barthold,
 
 194 AD2d 724 [1993]). As defendant failed to demonstrate, as a matter of law, that it had filed a copy of the notice of termination, upon which its defense is based, with the DMV within 30 days of the effective date of the policy’s termination, as required by Vehicle and Traffic Law § 313 (2) (a)
 
 (see Matter of Progressive Classic Ins. Co. v Kitchen,
 
 46 AD3d 333 [2007]), defendant did not show that the cancellation was effective with respect to plaintiff’s assignor, who was not the named insured or a member of the insured’s household (Vehicle and Traffic Law § 313 [3]). Consequently, defendant should not have been awarded summary judgment dismissing the complaint.
 

 With respect to plaintiff’s motion for summary judgment, contrary to plaintiffs contention, plaintiff failed to demonstrate its prima facie entitlement to judgment as a matter of law, as the proof submitted in support of its motion failed to establish either that the claims at issue had not been timely denied
 
 (see Viviane Etienne Med. Care, P.C. v Country-Wide Ins. Co.,
 
 25 NY3d 498 [2015]), or that defendant had issued timely denials that were conclusory, vague or without merit as a matter of law
 
 (see Westchester Med. Ctr. v Nationwide Mut. Ins. Co.,
 
 78 AD3d 1168 [2010];
 
 Ave T MPC Corp. v Auto One Ins. Co.,
 
 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). Thus, plaintiff’s motion for summary judgment was properly denied.
 

 Accordingly, the order is modified by providing that defendant’s cross motion for summary judgment dismissing the complaint is denied.
 

 Weston, J.P., Aliotta and Elliot, JJ., concur.