KJC Chiropractic, P.C., as Assignee of Gregory, Na-Quan, Respondent, 
against
Hartford Insurance Company, Appellant. 




Law Offices of Tobias & Kuhn (Michael V. Dimartini and Alina Worthalter-Green of counsel), for appellant.
The Rybak Firm, PLLC (Damin J. Toell of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Michael Gerstein, J.), entered June 7, 2017. The order, insofar as appealed from and as limited by the brief, implicitly denied defendant's cross motion for summary judgment dismissing the complaint.




ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and defendant's cross motion for summary judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff moved for summary judgment, and defendant cross-moved for summary judgment dismissing the complaint on the ground of lack of coverage, in that defendant had, prior to the accident at issue, cancelled the policy for nonpayment of the premium. Defendant appeals, as limited by the brief, from so much of an order of the Civil Court entered June 7, 2017 as implicitly denied defendant's cross motion.
Upon a review of the record, we find that defendant sufficiently established that, in [*2]accordance with Vehicle and Traffic Law § 313 (1), defendant had mailed the policy cancellation letter to the insured, with a cancellation date that was effective prior to the accident, and that defendant had filed a copy of the notice of cancellation with the Department of Motor Vehicles (DMV) within 30 days of the effective date of the cancellation, pursuant to Vehicle and Traffic Law § 313 (2) (a) (see Bullock v Hanover Ins. Co., 144 AD2d 416, 417 [1988]; cf. Matter of Progressive Classic Ins. Co. v Kitchen, 46 AD3d 333 [2007]; Matter of Material Damage Adj. Corp. v King, 1 AD3d 439 [2003]; Art of Healing Medicine, P.C. v Allstate Ins. Co., 54 Misc 3d 46 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). Thus, defendant has demonstrated that the cancellation is effective with respect to plaintiff's assignor, who was not the named insured or a member of the insured's household (see Vehicle and Traffic Law § 313 [3]; Matter of Liberty Mut. Ins. Co. v Vidale, 207 AD2d 489 [1994] [in which the insurance policy was cancelled effective May 16, 1991, the accident occurred on June 1, 1991, and the insurer sent notice of the policy cancellation to the DMV on June 10, 1991, and the court held that the insurer had met its burden of proving that its policy was validly cancelled as to the third parties]). Consequently, defendant should have been awarded summary judgment dismissing the complaint.
Accordingly, the order, insofar as appealed from, is reversed and defendant's cross motion for summary judgment dismissing the complaint is granted.
PESCE, P.J., WESTON and SIEGAL, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 01, 2019