SK Prime Medical Supply, as Assignee of Sutton, Wayne, Respondent, 
against
Permanent General Assurance Corporation, Appellant. 




Freiberg, Peck & Kang, LLP (Yilo J. Kang of counsel), for appellant.
The Rybak Firm, PLLC (Damin J. Toell and Karina Barska of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Michael Gerstein, J.), entered August 11, 2017. The order, insofar as appealed from and as limited by the brief, denied defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and defendant's motion for summary judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint on the ground of lack of coverage, in that defendant had cancelled the insurance policy, for nonpayment of the premium, prior to the accident at issue. Plaintiff opposed the motion and cross-moved for summary judgment. As limited by its brief, defendant appeals from so much of an order of the Civil Court entered August 11, 2017 as denied defendant's motion.
Upon a review of the record, we find that defendant sufficiently demonstrated that it had mailed a policy cancellation letter to the insured in accordance with Vehicle and Traffic Law § 313 (1), and that defendant had filed a copy of the notice of cancellation with the Department of Motor Vehicles within 30 days of the effective date of the cancellation, pursuant to Vehicle and Traffic Law § 313 (2) (a) (see Bullock v Hanover Ins. Co., 144 AD2d 416, 471 [1988]; KJC Chiropractic, P.C. v Hartford Ins. Co., ___ Misc 3d ___, 2019 NY Slip Op 51792[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; cf. Matter of Progressive Classic Ins. Co. v Kitchen, 46 AD3d 333 [2007]; Matter of Material Damage Adj. Corp. v King, 1 AD3d 439 [2003]; Art of Healing Medicine, P.C. v Allstate Ins. Co., 54 Misc 3d 46 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). Thus, defendant demonstrated that the cancellation is effective with respect to plaintiff's assignor, who was not the named insured or a member of the [*2]insured's household (see Vehicle and Traffic Law § 313 [3]; Matter of Liberty Mut. Ins. Co. v Vidale, 207 AD2d 489, 490 [1994] [where the insurance policy was cancelled effective May 16, 1991, the accident occurred on June 1, 1991, and the insurer sent notice of the policy cancellation to the Department of Motor Vehicles on June 10, 1991, the court held that the insurer had "met its burden of proving that its policy was validly canceled" as to the third parties]). Consequently, defendant should have been awarded summary judgment dismissing the complaint.
Accordingly, the order, insofar as appealed from, is reversed and defendant's motion for summary judgment dismissing the complaint is granted. 
PESCE, P.J., ELLIOT and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 13, 2019