Pravel, Inc., as Assignee of Austin, Bijon, Appellant,
against
State Farm Mutual Automobile Ins. Co., Respondent. 




The Rybak Firm, PLLC (Damin J. Toell and Karina Barska of counsel), for appellant.
Richard T. Lau & Associates (Anna Peereira of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Robin Kelly Sheares, J.), entered July 17, 2018. The order granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment.




ORDERED that the order is modified by providing that defendant's motion for summary judgment dismissing the complaint is denied; as so modified, the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from an order of the Civil Court which granted defendant's motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment.
The motor vehicle accident in question occurred on September 4, 2013. Defendant's motion was based on its alleged cancellation of the subject insurance policy on August 28, 2013. However, the papers defendant submitted in support of its motion failed to demonstrate, by admissible proof, that it had filed a copy of the notice of cancellation with the Department of Motor Vehicles within 30 days of the effective date of the cancellation as required by Vehicle and Traffic Law § 313 (2) (a) (see Vehicle and Traffic Law § 313 [3]; Matter of Progressive Classic Ins. Co. v Kitchen, 46 AD3d 333 [2007]; Matter of Progressive Northeastern Ins. Co. v Barnes, 30 AD3d 523 [2006]; Advanced [*2]Med. Care, P.C. v Allstate Ins. Co., 50 Misc 3d 137[A], 2016 NY Slip Op 50130[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]; GL Acupuncture, P.C. v Geico Ins. Co., 48 Misc 3d 141[A], 2015 NY Slip Op 51239[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). Thus, defendant has not demonstrated that the cancellation of the policy was effective with respect to plaintiff's assignor, who was not the named insured or a member of the insured's household (see Vehicle and Traffic Law § 313 [3]). Consequently, defendant's motion for summary judgment dismissing the complaint should have been denied. 
Plaintiff's cross-moving papers failed to establish either that defendant had failed to deny the claim within the requisite 30-day period or that defendant had issued a timely denial of claim that was conclusory, vague or without merit as a matter of law (see Insurance Law § 5106 [a]; Westchester Med. Ctr. v Nationwide Mut. Ins. Co., 78 AD3d 1168 [2010]; Ave T MPC Corp. v Auto One Ins. Co., 32 Misc 3d 128[A], 2011 NY Slip Op 51292[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). Consequently, the Civil Court properly denied plaintiff's cross motion for summary judgment.
Accordingly, the order is modified by providing that defendant's motion for summary judgment dismissing the complaint is denied. 
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 24, 2020