Matter of Global Liberty Ins. Co. v Ho Suk Shin (2020 NY Slip Op 02469)





Matter of Global Liberty Ins. Co. v Ho Suk Shin


2020 NY Slip Op 02469


Decided on April 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2018-13922
 (Index No. 713398/16)

[*1]In the Matter of Global Liberty Insurance Company, appellant, 
v
Ho Suk Shin, respondent-respondent, State Farm Insurance Company, et al., additional-respondents-respondents.


Law Office of Jason Tenenbaum, P.C., Garden City, NY (Talia Beard of counsel), for appellant.
Picciano & Scahill, P.C., Bethpage, NY (Albert J. Galatan of counsel), for additional-respondent-respondent State Farm Insurance Company.



DECISION & ORDER
In a proceeding pursuant to CPLR article 75, inter alia, to permanently stay arbitration of a claim for uninsured motorist benefits, the petitioner appeals from an order of the Supreme Court, Queens County (Thomas D. Raffaele, J.), dated November 13, 2018. The order, after a framed-issue hearing, denied that branch of the petition which was to permanently stay arbitration and dismissed the proceeding.
ORDERED that the order is affirmed, with costs.
In November 2016, the petitioner, Global Liberty Insurance Company, commenced this proceeding, inter alia, to permanently stay arbitration of an uninsured motorist benefits claim that was filed by its insured, the respondent Ho Suk Shin (hereinafter the insured), in connection with an automobile accident that occurred in July 2014. The accident occurred when the insured's vehicle was struck by a 2009 Chevrolet driven by additional respondent Jesus R. Ball Estas. The additional respondent Lourdes B. Tortorelli held an automotive insurance policy for the 2009 Chevrolet, which was issued by the additional respondent State Farm Insurance Company (hereinafter State Farm). According to the petitioner, State Farm's failure to notify the Department of Motor Vehicles that it had removed the 2009 Chevrolet from the insurance policy violated section 313(2)(a) of the Vehicle and Traffic Law and rendered the purported termination of the policy ineffective with respect to the petitioner and any other third parties. State Farm contended that, although it had issued an insurance policy to Tortorelli for the 2009 Chevrolet, the vehicle was removed from coverage in January 2014, and a 2005 Ford was substituted under the same policy. State Farm contended that it assigned a new number to the policy because the 2005 Ford was going to be used for commercial purposes.
At the conclusion of a framed-issue hearing, the Supreme Court denied that branch of the petition which was to permanently stay arbitration and dismissed the proceeding. The petitioner appeals.
We agree with the Supreme Court's determination denying that branch of the petition which was to permanently stay arbitration and dismissing the proceeding. Although the cancellation of an insurance policy is not effective as to third parties unless the cancellation is filed with the Commissioner of Motor Vehicles in accordance with Vehicle and Traffic Law § 313(2)(a) (see Vehicle and Traffic Law § 313[3]; Matter of Progressive Northeastern Ins. Co. v Barnes, 30 AD3d 523, 524; Matter of Chubb Group of Ins. Cos. v Williams, 14 AD3d 561, 562), here, the court determined that the insurance policy was not cancelled but rather that the same coverage was transferred to a different vehicle (see Vehicle and Traffic Law § 313[2][a]). Since the only changes to the policy at issue here were administrative—involving the substitution of one vehicle for another under the same policy and changing the number of the policy—State Farm was not required to notify the Department of Motor Vehicles (see 15 NYCRR § 34.1[d][2]; Vehicle and Traffic Law § 313[2][a]) and thus the petitioner's contentions are without merit.
The July 1983 amendments to section 313 of the Vehicle and Traffic Law—changing the requirement for filing a notice of termination to include only policies, "as opposed to any insured vehicle or vehicles under such policy" (Vehicle and Traffic Law § 313[2][a])—govern this action. Thus, this Court's determination in Matter of Eveready Ins. Co. v Wilson (180 AD2d 796, 797), which addressed the pre-1983 provisions of the statute, is not dispositive here.
RIVERA, J.P., AUSTIN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court