Prompt Med. Group, Inc. v Foremost Signature Ins. Co. (2025 NY Slip Op 51977(U))

[*1]

Prompt Med. Group, Inc. v Foremost Signature Ins. Co.

2025 NY Slip Op 51977(U)

Decided on December 5, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 5, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., MARINA CORA MUNDY, JOANNE D. QUIÑONES, JJ

2024-1129 RI C

Prompt Medical Group, Inc., as Assignee of Philippe F. Polidor, Appellant,
against
Foremost Signature Insurance Company, Respondent. 

Kopelevich & Feldsherova, P.C. (Galina Feldsherova of counsel), for appellant.
Law Offices of Rothenberg & Romanek, for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Richmond County (Mary A. Kavanagh, J.), entered October 22, 2024. The order, insofar as appealed from as limited by the brief, granted the branch of defendant's motion seeking summary judgment dismissing the complaint.

ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and the branch of defendant's motion seeking summary judgment dismissing the complaint is denied.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals, as limited by the brief, from so much of an order of the Civil Court (Mary A. Kavanagh, J.) entered October 22, 2024 as granted the branch of defendant's motion seeking summary judgment dismissing the complaint on the ground that there was no insurance coverage for the vehicle allegedly involved in a November 4, 2022 accident, as the insurance policy had been cancelled on October 24, 2022.
Upon a review of the record, we find that the papers defendant submitted in support of the branch of its motion seeking summary judgment dismissing the complaint failed to demonstrate by admissible proof, as a matter of law, that defendant provided the insured with proper notice of cancellation in accordance with Vehicle and Traffic Law § 313 (1) (a) (see Island Life Chiropractic Pain Care, PLLC v Allstate Ins. Co., 60 Misc 3d 132[A], 2018 NY Slip Op 51006[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]). In addition, we note that defendant, in any event, has not demonstrated that the alleged cancellation of the policy was effective with respect to plaintiff's assignor, who was not the named insured or a member of the insured's household (see Vehicle and Traffic Law § 313 [2] [a]; [3]; Matter of Progressive Classic Ins. Co. v Kitchen, 46 AD3d 333 [2007]; Matter of Progressive Northeastern Ins. Co. v Barnes, 30 AD3d 523 [2006]; Pravel, Inc. v State Farm Mut. Auto. Ins. Co., 67 Misc 3d 132[A], [*2]2020 NY Slip Op 50457[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020]; Art of Healing Medicine, P.C. v Allstate Ins. Co., 54 Misc 3d 46 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; Advanced Med. Care, P.C. v Allstate Ins. Co., 50 Misc 3d 137[A], 2016 NY Slip Op 50130[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]; GL Acupuncture, P.C. v Geico Ins. Co., 48 Misc 3d 141[A], 2015 NY Slip Op 51239[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). Consequently, the branch of defendant's motion seeking summary judgment dismissing the complaint should have been denied.
Accordingly, the order, insofar as appealed from, is reversed and the branch of defendant's motion seeking summary judgment dismissing the complaint is denied.
TOUSSAINT, P.J., MUNDY and QUIÑONES, JJ., concur.
ENTER:
Jennifer Chan
Acting Chief Clerk
Decision Date: December 5, 2025